[S. F. No. 2946.   Department One.—January 8, 1902.]

EVA MANTEL, Respondent, v. ADAM MANTEL, Appellant.

Appeal—Non-appealable Order—Refusal to Set Aside Judgment—Absence of Findings—Dismissal.—An order refusing to set aside the judgment on the ground that no findings or conclusions of law were filed, and that they were not waived, is not appealable, and an appeal therefrom must be dismissed.

Id.—Review upon Appeal from Judgment.—The alleged ground on which the defendant sought to have the judgment vacated, having existed before the judgment was entered, would have been reviewable upon an appeal from the judgment.

MOTION to dismiss an appeal from an order of the Superior Court of Alameda County refusing to set aside a judgment.   S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Asa V. Mendenhall, for Respondent.

Max Grimm, for Appellant.

THE COURT.—Motion to dismiss the appeal.   Judgment was entered herein in favor of the plaintiff, February 18, 1901.   August 9, 1901, the defendant moved the court for an order setting aside the judgment, on the ground that no findings or conclusions of law had been made or filed in the cause, the same not having been waived.   An order denying this motion was made and entered by the court, August 14, 1901.   From this order the present appeal has been taken.

The facts presented herein are within the rule declared in *Reay* v. *Butler,* 69 Cal. 572; *Goyhinech* v. *Goyhinech,* 80 Cal. 409; *Estate of Gregory,* 122 Cal. 483; and upon the authority of those cases the motion must be granted.

An examination of the cases cited by the appellant in opposition to the motion will show that in nearly all of them the appeal was from an order vacating and setting aside the judgment, whereby the effect of the judgment was destroyed by an order subsequent thereto, and in which the action of the court could be reviewed only upon an appeal from this order, inasmuch as, after the order had been made, there was no

judgment from which an appeal could be taken. In one or two of the cases the facts upon which it was sought to vacate the judgment were extraneous to the trial of the cause, and could not have been reviewed upon an appeal from the judgment. In none of these cases so cited is the effect of the above authorities impaired, or the correctness of the rule there laid down questioned. In the present case, however, the grounds upon which the defendant sought to have the judgment vacated existed before the judgment was entered, and would have been available upon an appeal from the judgment.

The appeal is dismissed.