[Civ. No. 11498.   Second Appellate District, Division One.—July 19, 1938.]

C. B. NAGELMANN et al., Respondents, v. JOE McINTYRE et al., Defendants; ROBERT I. WOOD, Appellant.

B. M. Benson, Karl F. Kennedy and Cecil E. Edgar for Appellant.

Smith & Delwiche for Respondents.

WHITE, J.—Motion to dismiss appeal.   Plaintiffs brought this action to recover damages growing out of an automobile

accident in which it was claimed defendants were guilty of negligence. As to defendant McIntyre, a motion for change of venue to the Superior Court of Fresno County was granted, while the defendant Robert I. Wood, a nonresident of this state, was served by mail pursuant to the provisions of section 404 of the Motor Vehicle Code as adopted in 1935. Defendant Wood's default was duly entered, and thereafter the court rendered judgment against him in the sum of $8,000, which judgment was entered October 14, 1936. On November 9, 1936, defendant Wood moved the court to vacate the default entered against him and to set aside the judgment entered pursuant thereto, which said motion was by the court denied on January 11, 1937. Notice of entry of the judgment was served and filed February 1, 1937. Defendant Wood filed his notice of appeal on January 20, 1937, which was more than sixty days after the entry of judgment, but within sixty days after the entry of the order denying his motion to vacate the same judgment.

Section 939 of the Code of Civil Procedure provides that an appeal, to be timely, must be taken within sixty days after entry of the judgment or order which it is sought to have reviewed. In *Lawson* v. *Guild,* 215 Cal. 378, at page 380 [10 Pac. (2d) 459], the Supreme Court says: ''The statute limiting the time in which an appeal may be taken is jurisdictional and mandatory. If the appeal is not taken within the time allowed by law, an appellate court has no power to entertain it.'' (Citing *Bley* v. *Board of Dental Examiners,* 101 Cal. App. 666, 669 [282 Pac. 19].) In the case of *Lawson* v. *Guild, supra,* it is also settled that service of notice of entry of judgment is not necessary to start the time running within which an appeal may be taken, citing also, *Schainman* v. *Kierce,* 199 Cal. 249, 251 [248 Pac. 905]. Of necessity, it therefore follows that the appeal from the judgment herein must be dismissed.

Appellant, however, contends that his appeal from the order denying the motion to set aside the judgment was seasonably taken and is now properly before us. It is the settled law of this state that an appeal will not lie from an order refusing to vacate a final judgment if the grounds upon which the party sought to have the same vacated existed before the entry of judgment and were available on appeal from the judgment. (*Lawson* v. *Guild, supra; Barry* v. *Learner,*

113 Cal. App. 651 [299 Pac. 82].) Appellant's motion to vacate was grounded solely upon the claim that the court below was without any jurisdiction to enter the default or direct a judgment against appellant, by reason of constitutional and statutory defects alleged to exist in section 404 of the Motor Vehicle Code as it existed in 1936, at the time of the happening of the accident out of which this litigation grew. These matters were all reviewable upon appeal from the judgment, and an order refusing to set aside the judgment on these grounds is not, therefore, an appealable order.

The appeal taken from the judgment and the order refusing to vacate the judgment is therefore dismissed.

York, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 15, 1938.