[Civ. No. 13548. Second Dist., Div. Three. Aug. 14, 1942.]

HOME OWNERS' LOAN CORPORATION (a Corporation), Respondent, v. CHARLES W. ENGELBERTSON et al., Appellants.

Charles W. Engelbertson in pro. per., for Appellants.

Warner Edmonds, Jr., and Ewell D. Moore for Respondent.

SCHAUER, P. J.—Defendants' notice of appeal recites that they appeal ''from the order and decree of the Superior Court of the State of California, in and for the County of Santa Barbara, therein made and entered on the 13th day of March, 1941, in Book 63 of Minutes of the Superior Court at page 182, given in favor of the plaintiffs and against the defendants above named, to-wit: Denying motion of defendants to vacate and set aside judgment and decree docketed and entered on the 1st day of February, 1940, and from the whole thereof.''

The clerk's transcript constitutes the sole record before us on this appeal, and none of the documents set forth therein bears endorsement showing the date of entry of any of such documents or whether any of them was ever actually entered. Furthermore such record does not purport to show any ''order . . . made . . . on the 13th day of March, 1941, . . . Denying motion of defendants to vacate and set aside

judgment and decree docketed and entered on the 1st day of February, 1940, . . ." We do, however, find in the record an order entitled "ORDER DENYING MOTION TO SET ASIDE JUDGMENT," and reading in material part as follows: "The motion of defendants, . . . to set aside judgment, . . . having been regularly heard on the 10th day of March, 1941, . . . and the matter having been fully argued and the Court having been duly advised and having duly considered the same, it is hereby ordered that said motion to set aside judgment be and the same is hereby denied.

"The Clerk of the above-entitled Court is hereby directed to enter this order.

"Dated: March 10th, 1941.

(Endorsed)                                    "ERNEST D. WAGNER

FILED: March 10, 1941. "Judge of the Superior Court.

J. E. LEWIS, Clerk.

By C. E. JAMES, Deputy Clerk."

We assume in favor of an intelligible record for appellants, that, in spite of the three-day discrepancy in dates between the "order . . . made . . . on the *13th* day of March, 1941," to which defendants refer in their notice of appeal, and the above order dated and filed on March *10,* 1941, it is from such order of March 10 that defendants intend to appeal.

Defendants' notice of motion to set aside judgment recites that ". . . defendants will move said Court for its order to set aside and vacate the alleged judgments and decrees entered herein in above entitled cause.

"That said motion will be made on the following grounds, to-wit:

"1. That said judgments and each of them, are void.

"2. That the Court had no jurisdiction to render said judgments and decrees.

"3. Inconsistency between Findings of Fact and Conclusions of Law and the Decrees. . . ."

Attached to said notice of motion, but appearing nowhere else in the record, is a copy of an untitled document dated January 17, 1940, and purporting to have been signed by "Ernest D. Wagner, Acting Judge." The character and efficacy of this instrument are problematical but apparently it was intended as a memorandum opinion for the guidance

of counsel in preparing the formal decision and judgment. However, in view of our conclusion that this appeal must be dismissed, it is immaterial for the purposes of this decision whether such writing was intended to be, or in substance constitutes, a mere memorandum opinion or a formal judgment. There are also in the record formal findings of fact and conclusions of law, dated January 31, 1940, and a "DECREE OF FORECLOSURE" (apparently in customary form) dated January 31, 1940. We assume that it is to the untitled "memorandum opinion" and the decree of foreclosure that defendants refer by their use of the words "judgments and decrees" in the plural, in their notice of motion. In the absence of more significant identification in the record we assume that the decree of foreclosure dated January 31, 1940, is the "judgment and decree" to which defendants refer in their notice of appeal as "docketed and entered on the 1st day of February, 1940."

It has long been settled that if the grounds upon which a party seeks to have a judgment vacated existed before the entry of the judgment and upon a proper record would have been reviewable on an appeal from the judgment, an appeal will not lie from an order denying the motion. (*Mantel* v. *Mantel,* (1902) 135 Cal. 315 [67 Pac. 758]; *Lawson* v. *Guild,* (1932) 215 Cal. 378, 381 [10 P. (2d) 459]; *Estate of Richards,* (1941) 17 Cal. (2d) 259, 267 [109 P. (2d) 923]; *Nagelmann* v. *McIntyre,* (1938) 27 Cal. App. (2d) 621, 622 [81 P. (2d) 466]; *Barker* v. *Ackers,* (1938) 29 Cal. App. (2d) 162, 176 [84 P. (2d) 264]; *Estate of Murphy,* (1942) 50 Cal. App. (2d) 440, 441 [123 P. (2d) 129]; *Mather* v. *Mather,* (1942) (Cal. App.) [124 P. (2d) 625].) The party aggrieved by a judgment or order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside. (2 Cal. Jur. 166; *Nuckolls* v. *Bank of Calif.,* (1937) 10 Cal. (2d) 266, 270 [74 P. (2d) 264]; *Reynolds* v. *Reynolds,* (1923) 191 Cal. 435, 437 [216 Pac. 619].)

From the record before us, as summarized above, there appears no reason why defendants could not have appealed

from the judgment itself rather than from the order refusing to set it aside. The grounds upon which defendants sought to have the judgment set aside, as recited in their notice of motion, obviously existed before the entry of the judgment and would have been reviewable on an appeal from the judgment.

We conclude therefore that an appeal does not lie from the ''order and decree . . . Denying motion of defendants to vacate and set aside judgment and decree . . .'' herein, and that it is our duty to dismiss the attempted appeal therefrom (see *Bessinger* v. *Grotz*, (1942) 52 Cal. App. (2d) 379 [126 P. (2d) 355]).

Shinn, J., and Wood (Parker), J., concurred.