[Civ. No. 7776. Third Dist. Oct. 7, 1950.]

FIRST NATIONAL BANK OF FAIR OAKS (a National Banking Association), Respondent, v. THOMAS H. TURNBULL et al., Defendants; L. L. ANDERSON, Appellant.

Murle C. Shreck and W. R. Vaughn for Appellant.

W. P. Dwyer, Jr., and Elliott, Atkinson & Sitton for Respondent.

ADAMS, P. J.—Plaintiff filed this action on May 28, 1947, seeking a judgment for $18,941.04, for interest, attorney's fees and costs, and for the foreclosure of a mortgage securing

the payment of the moneys claimed. The action was based upon a contract executed by Thomas H. Turnbull, M. M. Haslett, B. D. Christensen and L. L. Anderson, alleged to be a copartnership carrying on business as Fair Oaks Manufacturing Company, and upon a promissory note executed by them. The contract, attached to the complaint as an exhibit, provided that the bank should make advances to the borrowers to finance their business, from time to time, and that the latter should execute a mortgage upon its personal property, and take other designated steps to secure such advances, the agreement to be a continuing one to apply to future as well as existing transactions. A note for $15,000 was executed by defendants, the latter agreeing that the mortgage should cover equipment added or substituted, and that they would keep same in repair and fully insured. The complaint then alleged failure of defendants to comply with their agreement in several respects, and that defendants were indebted to plaintiff in the sum claimed. It prayed that the mortgage be foreclosed, and for general relief.

All defendants except Turnbull defaulted in said action, the record showing that appellant Anderson was served with summons on June 14, 1947, and that upon failure to appear, his default was entered July 17, 1947. Turnbull filed an answer admitting the allegations of the complaint, but setting forth that he had been adjudicated a bankrupt on June 3, 1947, that the obligation upon which plaintiff sued was included in his schedule of debts, and that by virtue of said adjudication he was released from the obligation set forth in plaintiff's complaint.

On October 8, 1948, after a hearing at which plaintiff produced evidence, the court made and entered a judgment which recited that all of the allegations of plaintiff's complaint were found to be true, that subsequent to the filing of the complaint the personal property covered by the mortgage set forth in the complaint had been taken into the possession of the trustee in bankruptcy in Turnbull's bankruptcy proceeding and sold, and that the proceeds of such sale had been paid to plaintiff in partial satisfaction of its debt proved in that proceeding; and that, after the application of such payment, there remained due and unpaid to plaintiff the sum of $1,600.79 plus attorney's fees and interest, for the amount of which judgment was entered against defendants Haslett, Christensen and Anderson. On January 5,

1949, an execution was issued and levied upon certain of appellant's assets, which resulted in recovery of sufficient funds to satisfy the judgment on January 14, 1949.

On March 28, 1949, appellant Anderson filed a notice of motion for an order "vacating and setting aside" the deficiency judgment entered October 8, 1948, and the execution thereafter issued, upon the asserted ground that the judgment was void for the reasons (1) that the relief granted plaintiff was contrary to that prayed for in its complaint, (2) that no decree of foreclosure was had in said action nor was any order of sale of the mortgaged premises made, (3) that the court was without jurisdiction to render a deficiency judgment in the absence of a foreclosure and sale, and (4) that the sheriff or commissioner did not make return showing the balance that remained unpaid by defendant. It was not asserted by appellant that this motion was based upon either section 473 or section 663 of the Code of Civil Procedure.

An order denying said motion was made June 6, 1949, and Anderson has appealed from such order. No appeal was taken from the court's judgment and the time within which same could have been taken by this defendant—if at all—had elapsed long prior to his motion made on April 4, 1949, which was subsequent to the levy of the execution upon his assets. Obviously such motion was not made pursuant to sections 663 and 663a of the Code of Civil Procedure, since they are inapplicable to this case; and if section 473 is relied upon, appellant failed to comply with same since he did not seek to be relieved of his default or the judgment taken against him "through his mistake, inadvertence, surprise or excusable neglect," nor did he accompany his application for relief by a copy of an answer or other proposed pleading.

It appears to be well settled that an appeal does not lie from an order denying a motion to vacate a judgment if the grounds upon which the moving party sought to have the judgment vacated existed before its entry and were available on appeal therefrom. (*Colbert* v. *Colbert*, 28 Cal.2d 276, 281 [169 P.2d 633]; *Mather* v. *Mather*, 22 Cal.2d 713, 720 [140 P.2d 808]; *Lawson* v. *Guild*, 215 Cal. 378, 381 [10 P.2d 459]; *Nagelmann* v. *McIntyre*, 27 Cal.App.2d 621, 622-623 [81 P.2d 466]; *Linne* v. *Union Central Life Ins. Co.*, 119 Cal.App. 490 [6 P.2d 521]; *Barry* v. *Learner*, 113 Cal.App. 651, 653 [299 P. 82]; *Home Owners' Loan Corp.* v. *Engelbertson*, 54 Cal.App. 2d 46, 48 [128 P.2d 424].)

Turning to the alleged grounds upon which appellant

relied for vacation of the judgment, we think it is apparent that all of them existed before its entry and were available on appeal from it. If the relief granted to plaintiff was contrary to that prayed for—which we think it was not—the variance could have been reached by such an appeal. See *Colbert* v. *Colbert, supra,* at page 281. The complaint was based primarily upon the contract between the defendants and plaintiff wherein defendants obligated themselves to repay all moneys advanced to them, including any deficiency if the property mortgaged proved insufficient. When that property was sold in the bankruptcy proceeding, and a deficiency resulted, defendants became liable for same. Also note the grounds relied upon in *Linne* v. *Union Central Life Insurance Co., supra,* where it was contended that the judgment was void because it granted relief in excess of that prayed for in the complaint; and *Lawson* v. *Guild, supra,* where it was urged that the judgment was void because the cross-complaint failed to contain a description of the property the title to which was quieted in defendant.

The matters relied upon by appellant having been available for review on appeal from the judgment, the order refusing to set it aside is not an appealable order, and this appeal must therefore be dismissed.

Appeal dismissed.

Peek, J., and Van Dyke, J., concurred.