[Civ. No. 21993.   Second Dist., Div. One.   Sept. 21, 1956.]

MARIE ARTHUR, Appellant, v. CITY OF LOS ANGELES
et al., Respondents.

Marie Arthur, in pro. per., for Appellant.

Roger Arnebergh, City Attorney, and Edwin F. Shinn, Deputy City Attorney, for Respondent.

NOURSE (Paul), J. pro tem.*—Plaintiff has appealed from a judgment rendered in favor of the defendant city of Los

*Assigned by Chairman of Judicial Council.

Angeles, from a minute order denying her motion for a new trial, and from a minute order denying her motion to vacate the judgment appealed from. Defendants and respondents have moved to dismiss the appeal from the judgment upon the ground that the notice of appeal was not filed within time, and to dismiss the appeals from the two orders mentioned upon the grounds that they are not appealable orders.

Each of the motions to dismiss must be granted.

The findings of fact and conclusions of law and the judgment appealed from were filed January 6, 1956, and the judgment was entered on January 10.

Plaintiff's notice of intention to move for a new trial was served and filed on December 27, 1955. Her so-called notice of intention to vacate the judgment was filed on March 12, 1956, or 61 days after the entry of the judgment.

Her notice of appeal was not filed until June 12, 1956.

The time within which plaintiff was entitled to file a notice of appeal from the judgment entered against her expired on March 10, 1956, unless that time was extended under the provisions of rule 3(a) of the Rules on Appeal.

The notice of intention to move for a new trial was filed on December 27, 1955, or 10 days before the findings of fact and the conclusions of law were made and filed. This notice was therefore "a nullity and ineffectual for any purpose" and could not extend the time within which appellant might appeal from the judgment. It was not given vitality by reason of the fact that the defendant treated it as a proper notice or by reason of the fact that the court purported to act upon it (*Tabor* v. *Superior Court*, 28 Cal.2d 505, 507 [170 P.2d 667]).

Plaintiff's notice to vacate the judgment, which was filed on March 12, 1956, if treated as a motion for new trial was ineffectual to extend the time within which she might give notice of appeal from the judgment inasmuch as it was not filed within 60 days after the entry of the judgment (rule 3(a), Rules on Appeal).

Neither of the minute orders appealed from is an appealable order. (Code Civ. Proc., § 963; *Hughes* v. *De-Mund*, 195 Cal. 242 [233 P. 94]; *De La Montanya* v. *De La Montanya*, 112 Cal. 101, 118-119 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]; *Estate of Baker*, 170 Cal. 578, 582 [150 P. 989]; *Home Owners' etc. Corp.* v. *Engelbertson*, 54 Cal.App. 2d 46, 48 [128 P.2d 424]; *Sharpe* v. *Sharpe*, 55 Cal.App.2d 262, 265 [130 P.2d 462]; 3 Cal.Jur.2d 491.)

Appellant has applied to this court for an order directing the clerk of the superior court to permit her to file an amended notice to the clerk to prepare a transcript under rule 4 of the Rules on Appeal. Inasmuch as her appeal from the judgment must be dismissed, her application need not be further considered by us.

The motions of respondents to dismiss the appeals from the judgment, from the order denying appellant's motion for a new trial, and from the order denying her motion to vacate the judgment, are granted.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 14, 1956.