TOBRINER, J.
 

 When a pretrial order provides, “The necessary parties are properly before the Court, and the action is at issue as to them,” and, further, defines the issues, may the trial court properly render judgment on the pleadings, based upon the inadequacy of the answer? In that circumstance may the aggrieved party obtain relief from the order under Code of Civil Procedure, section 473 ? Because the pretrial order controls inconsistent pleadings we have decided
 
 *7
 
 that the trial court erred in granting the judgment on the pleadings and that the adverse party may properly appeal from the denial of relief under Code of Civil Procedure, section 473.
 

 The underlying dispute, which fructified in these procedural issues, emanated from an argument over attorney’s fees. Dissatisfied with the state’s offer of $37,000 in a pending condemnation suit against them, appellants substituted for their former counsel, Currie, Lebasch and Hannig, the respondent attorney and Louis R. Francis. Respondent states his “employment and compensation was apparently to be governed by a previous employment agreement” with Currie, Lebasch and Hannig, which provided as “a fee $2,000.00 on the first $38,877.50 received ... and ten per cent of any and all sums received ... in excess” and that appellants pay costs not to exceed $1,500 unless authorized by appellants. Appellants likewise paid respondent a retainer fee of $400, but the parties are in dispute as to whether this amount was to be applied against the total fee or constituted independent compensation for representation as such.
 

 The settlement of the condemnation suit, ultimately negotiated by respondent, provided for the payment of $56,250 and secured certain property rights for appellants, exceeding by some $19,250 the previous offer. In addition, respondent contends he furnished further legal services until September 25, 1957, the date of the filing of the instant action. According to appellants, the Currie formula should have been applied to the settlement, fixing the fees at $3,737.
 

 The fees, however, were not paid. Stating that appellants “maintained that no fee arrangements had been made,” respondent concluded that appellants repudiated the Currie contract and brought suit against appellants for services, expenses and payment of appraiser fees. Appearing in propria persona, appellants filed an obscure and unintelligible “Answer to Complaint and Counter Complaint,” which, in “answer” alleged that respondents “were engaged and paid a fee to represent ’ ’ them in the condemnation action; that they “represented themselves as competent attorneys” and “jeopardized Defendants position with the State of California, resulting with the loss of property, money and rights.” The “counter complaint” alleges, “As a result of incompetent advise and council
 
 (sic),
 
 making representations, compromises, settling, and surrendering Defendants Roy A. Jones and Margaret B. Jones’s rights, so as to force a stipulation for
 
 *8
 
 judgment
 
 (sic),”
 
 and concludes, “Defendants and Complaintants
 
 (sic)
 
 pray the Plaintiffs take nothing by their complaint,” and for “judgment
 
 (sic)
 
 against the plaintiff in the sum of Sixty Thousand Dollars ($60,000.00).”
 

 On October 18, 1957, respondent filed an “Answer to Counter Complaint, ’ ’ denying ‘‘each and every allegation ’ ’; on January 9, 1958, he filed a general demurrer to the “counter complaint.” The demurrer was set for hearing on January 15,1958.
 

 The case came to pretrial conference on November 7, 1957. The court permitted respondent to amend his complaint to allege an assignment by Louis R Francis of his interest to respondent and ordered the amendment to be deemed denied without further pleading. Describing the nature of the case, and postulating the issues, the pretrial order declared that “ [t]he necessary parties are properly before the Court, and the action is at issue as to them, ’ ’ and that defendants admitted payment to “plaintiff and his assignor the sum of $400.00, and deny that any additional sum is due. ...”
 

 When, on January 15, 1958, the case was called for jury trial, respondent dropped the demurrer to the “counter complaint” and moved for judgment on the complaint and on the “counter complaint.” The court granted both motions, entering judgment for $9,515, which included $8,000 for legal services, $1,500 for appraisers’ fees, and $15 for “court costs.” On February 4, 1958, appellants, now appearing through their present attorneys, moved to set aside the judgment pursuant to the provisions of section 473, Code of Civil Procedure. The court denied the motion; appellants appeal from the ensuing order.
 

 We must first analyze the effect of the pretrial order upon the court’s judgment on the pleadings, and we must, then, if we find the judgment erroneous, determine the propriety of appellant’s motion under Code of Civil Procedure, section 473, and of his appeal from its denial.
 

 The purpose of the pretrial procedure is to place the ease in focus so that the defined and precise issues may be resolved as quickly as possible. The present litigation illustrates this process of pretrial formulation, and a ruling, here, subjugating that procedure to respondent’s later maneuvers would be a negation of pretrial itself.
 

 The pretrial order fixed the issues. It described the nature of the case as “complaint for money” for “services rendered”; it recited that the cross-complaint was for “alleged
 
 *9
 
 malpractice”; it stated that “ [defendants admit . . . that they retained” plaintiff “to represent them”; it alleged “that they have heretofore paid to plaintiff and his assignor the sum of $400.00, and deny that any additional sum is due plaintiff. ...” Stating that “ [t] he necessary parties are properly before the Court, and the action is at issue as to them,” it declared the issues: “One The amount, if any, due plaintiff from defendants. Two The amount, if any, that should be awarded defendants on their Cross-complaint.”
 

 Respondent now would have us retreat into the obscurity of appellants’ inadequate answer, would nullify the pretrial interpretation and clarification of the answer and would substitute the original pleading for the pretrial order. Yet the Rules and the decisions under them specifically forbid such nullification.
 

 Section 8.8, Rules of the Superior Courts (rules relating to pretrial conferences), provides, “When filed, the pre-trial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the ease unless modified at or before trial to prevent manifest injustice. Any motion so to modify before trial shall be heard by the pre-trial conference judge, or if not available, before the presiding judge or, if none, before any judge sitting in that court. ’ ’
 

 The recent ease of
 
 Baird
 
 v.
 
 Hodson
 
 (1958), 161 Cal.App.2d 687 [327 P.2d 215], explicitly points out the force of this section, “This pretrial conference order then controlled the subsequent course of the case in accordance with rule 8.8 and the issues raised by the pleadings were superseded. The pretrial judge, the trial judge and plaintiffs had the right to rely upon that posture of the case. Particularly is this true because defendant did not request a modification of the pretrial conference order, which he had a right to request under rule8.7.” (P.690.)
 

 The commentators have similarly interpreted section 8.8. Professor H. G. Pickering states: ‘‘The order will set forth the matters agreed upon; enumerate the factual issues on which evidence must be taken; describe the exhibits which have been marked for identification; and enumerate the questions of law which must be resolved. That order becomes a blueprint of the trial. It is binding on the parties.” (Pickering,
 
 The Pre-Trial Conference,
 
 9 Hastings L. J. (1957-1958) 117,118.) “The pre-trial order controls the subsequent course
 
 *10
 
 of the litigation and supersedes the pleadings where inconsistent with them unless modified at or before trial to prevent manifest injustice. An issue expressly stated in the pre-trial record is before the court, though not pleaded.” (Dorothy Wright Nelson,
 
 Pre-Trial—An Effective Weapon of Advocacy,
 
 4 U.C.L.A. L. Rev. (1956-1957) 381, 397.)
 

 Respondent attempts to defend the judgment upon the grounds that appellants “waived” the pretrial order and that, in any event, the motion for judgment on the pleadings proceeded properly to hearing and approval.
 

 Respondent thus argues that the taking of depositions after pretrial, with the consent of appellants, worked a waiver “of any terms to the contrary within the pre-trial order.” The contention does not accord with pretrial procedure. While appellants did agree to the taking of their own depositions, after the pretrial order, such an accommodation to the opposing party is not an unusual one and, without more, should not nullify the pretrial order.
 

 Respondent’s defense of the judgment upon the ground that a motion for judgment on the pleadings may be “made at the time the case is called for trial” does not meet the issue here. The question probes not whether the trial court may entertain the motion but whether the court may supersede the pretrial order, which defines the issues, and, nevertheless, hold that the pleadings fail to tender an issue. We conclude, for the reasons above stated, that the pretrial order must control; that it precludes the rendered judgment on the pleadings, premised, as it is, on a resurrected, defective answer.
 

 We turn to respondent’s second proposition that appellants were neither entitled to relief under section 473 nor, upon its denial, afforded the remedy of appeal. Neither position, we hold, is sound.
 

 Appellants made a case for relief under section 473. Upon the date set for trial, they could reasonably have expected to proceed to trial upon the basis of the issues described in the pretrial order. If by some chance the ease did not go to trial, they could possibly have anticipated a hearing on the demurrer to their “counter complaint,” a pleading filed five days previously. But neither expectation would prepare them for presentation of a motion for judgment on the pleadings. In view of the liberal construction applied to section 473, it should afford relief from the ensuing judgment.
 
 (Friedrich
 
 v.
 
 Roland
 
 (1950), 95 Cal.App.2d 543, 552 [213
 
 *11
 
 P.2d 423];
 
 Hover
 
 v.
 
 MacKenzie
 
 (1954), 122 Cal.App.2d 852 [266 P.2d 60];
 
 Miller
 
 v.
 
 Lee
 
 (1942), 52 Cal.App.2d 10 [125 P.2d 627];
 
 Vartanian
 
 v.
 
 Croll
 
 (1953), 117 Cal.App.2d 639 [256 P.2d 1022].)
 

 As to the appeal from the denial of relief under section 473, respondent reiterates the argument which he presented here upon his motion to dismiss the appeal, a motion which we previously denied. Then he contended the only appeal lay directly from the judgment on the pleadings and none from the denial of relief under section 473.
 

 The order of the court denying relief under section 473, however, is appealable. As Within states, “ [D] espite early conflict in the decisions, it has become an established rule that an appeal lies from the denial of a
 
 statutory motion to vacate,
 
 i.e., from denial of a motion made under C.C.P. 473, 473a or 663.” (3 Within, California Procedure, p. 2172.) Chief Justice Waste in analyzing the effect of the analogous section 663 holds “ [N] otwithstanding the obvious fact that on an appeal from a judgment which the court below refuses to set aside, the very same matters may be reviewed ... it seems definitely settled that our law gives a separate appeal. ...”
 
 (California Delia Farms, Inc.
 
 v.
 
 Chinese American Farms, Inc.
 
 (1927), 201 Cal. 201, 203 [255 P. 1097].) “These sections were not designed to affect the remedy by appeal existing before their enactment, but were intended to provide a remedy in addition thereto.” (P. 204.) To the same effect:
 
 Spellens
 
 v.
 
 Spellens
 
 (1957), 49 Cal.2d 210, 228 [317 P.2d 613];
 
 Bice
 
 v.
 
 Stevens
 
 (1958), 160 Cal.App.2d 222, 226 [325 P.2d 244];
 
 Shrimpton
 
 v.
 
 Superior Court
 
 (1943), 22 Cal.2d 562 [139 P.2d 889];
 
 Winslow
 
 v.
 
 Harold G. Ferguson Corp.
 
 (1944), 25 Cal.2d 274 [153 P.2d 714];
 
 Phelan
 
 v.
 
 Superior Court
 
 (1950), 35 Cal.2d 363 [217 P.2d 951].
 

 Respondent’s contentions and cases for support of his opposition to the appeal founder on recent doctrine and ruling. His argument that the single remedy of direct appeal must preclude a second allegedly duplieatory right of appeal under section 473 overloohs the point made in the cited eases that the issue under the latter section inherently differs from the issue of appeal from the judgment itself. In any event the argument really rests upon the concept that the availability of the direct appeal forfeits the appeal under section 473, a theory of negation of statutory right not accepted by the decisions. Indeed respondent cites decisions which involve appeals from orders on motions other than those under special statu
 
 *12
 
 tory provisions, which are thus distinguishable
 
 (First Nat. Bank
 
 v.
 
 Turnbull
 
 (1950), 99 Cal.App.2d 764 [222 P.2d 494];
 
 Nagelmann
 
 v.
 
 McIntyre
 
 (1938), 27 Cal.App.2d 621 [81 P.2d 466]). He cites another ease involving an attempt of a party to vacate a judgment upon grounds which preexisted its entry.
 
 {Litvinuk
 
 v.
 
 Litvinuk,
 
 27 Cal.2d 38 [162 P.2d 8].) We deal here with an appeal from a refusal to vacate a judgment under the statutory procedure of section 473.
 

 In summation the case resolves into the issue of the efficacy of the pretrial order. That order did focus the case for trial and clearly postulate the issues for resolution. The judgment nullifies it, and, we believe, in order to sustain the judgment, we would be compelled to frustrate the procedure of pretrial. This we cannot do.
 

 We reverse the order denying the motion to set aside the judgment.
 

 Bray, P..J-, and Duniway, J., concurred.
 

 Respondent’s petition for a hearing by the Supreme Court was denied May 11, 1960.