[Civ. No. 25145.   Second Dist., Div. One.   Aug. 18, 1961.]

GEORGE M. MOTT et al., Respondents, v. FRANCIS C. TOMLINSON et al., Appellants.

Bewley, Knoop, Lassleben & Whelan and Martin E. Whelan, Jr., for Appellants.

O'Melveny & Myers, Sidney H. Wall, Bennett W. Priest and Allyn O. Kreps for Respondents.

WOOD, P. J.—This is an action to recover compensation for services allegedly rendered in leasing defendants' real property.

In a nonjury trial judgment was in favor of plaintiffs for $12,000 against defendants Francis C. Tomlinson and Donald E. Wood (executor of will of Harlan E. Wood); and judgment was in favor of defendants Marguerite K. Tomlinson (wife of Francis C. Tomlinson), and Elsie Wood (widow of Harlan E. Wood). Judgment was entered on April 29, 1960.

On May 17, 1960, defendants Francis C. Tomlinson and Donald E. Wood filed a notice of motion to vacate the judgment against them and to enter a judgment in their favor. The motion was made upon the ground that plaintiffs failed to allege or prove that they were licensed real estate brokers at the time the causes of action arose.[1]

[1]Section 10136 of the Business and Professions Code provides: ''No person engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this article without alleging and proving that he was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose.''

On May 24 plaintiffs filed a notice of intention to move for a new or further trial upon the issue of the right of plaintiffs to maintain the action. In the notice plaintiffs stated that the motion would be made upon the ground that the evidence was insufficient to justify the judgment and that the judgment was against law in that plaintiffs did not allege and prove that they were duly licensed real estate brokers at the time the causes of action arose.

At a hearing on those motions on June 2, 1960, plaintiffs withdrew their motion for a new trial. A minute order made on that day provided that the motion of said defendants Mr. Tomlinson and Mr. Wood (to vacate the judgment and to enter a different judgment) was granted. The order directed the attorneys for defendants to prepare an order (to be submitted to the judge for signature). On June 10 such an order was signed and filed. That order directed the attorneys for defendants to prepare amended conclusions of law and a new judgment. The attorneys submitted amended conclusions of law and a new judgment to the trial judge, but those documents were not signed.

On June 22 plaintiffs filed a notice of motion, under section 473 of the Code of Civil Procedure, (1) to vacate the judgment entered on April 29, (2) to allow plaintiffs to amend their complaint to include an allegation that each plaintiff is and, at all times mentioned in the complaint, was a licensed real estate broker, (3) to reopen the action for further trial on the ''issue of licensing,'' and (4) to vacate the minute order of ''June 2 which granted defendants' motion for an order setting aside and vacating the judgment and to enter another and different judgment.'' The notice stated that the motion would be ''made on the ground that the judgment was taken through plaintiffs' mistake, inadvertence, or excusable neglect, that in furtherance of justice and equity plaintiffs should be relieved from such judgment and should be allowed to amend their complaint and to introduce proof that they are and were at all times mentioned in said complaint'' licensed real estate brokers. The notice stated further that the motion would be based upon the files and pleadings of the action, the affidavit of Mr. Priest (one of plaintiffs' attorneys) served and filed therewith, a copy of the proposed amended complaint, and the notice. (Other affidavits on behalf of plaintiffs were filed after defendants' affidavits were filed.)

The motion of plaintiffs, under section 473 of the Code of

Civil Procedure, for such relief, by reason of their failure to allege or prove that they were licensed real estate brokers, was granted on July 5, 1960 (a minute order). A written order granting the motion was signed and filed on July 12, 1960.

Defendants appeal from that minute order and the signed order.

Appellants (defendants) contend that plaintiffs' (respondents') affidavits in support of such motion are insufficient to support the order.

The affidavit of Mr. Priest stated: At the time he drafted the complaint he was not aware of the existence of section 10136 of the Business and Professions Code (requiring allegation and proof of license). He did not include an allegation that each plaintiff was a licensed real estate broker at the time the causes of action arose, by reason of mistake and inadvertence in not knowing of the existence and effect of section 10136. His first knowledge of the section was on May 17, 1960, when he received the notice of motion to vacate the judgment. At no point in the pretrial proceedings, the pretrial conference, the trial, or the proceedings before the court upon the making and entry of judgment, did defendants' attorneys or any other person call this matter to his attention or to the attention of the court. No contention was made in any such proceeding that the complaint failed to state a cause of action by reason of the absence of an allegation "of plaintiffs being duly licensed real estate brokers." The trial of the action consumed about five days. The court granted judgment against defendants Francis C. Tomlinson and Donald E. Wood, executor, for $12,000 as the reasonable value of plaintiffs' services. Unless plaintiffs are allowed, in the furtherance of justice, to be relieved from the judgment and to amend their complaint and to present proof of the licensing of plaintiffs as real estate brokers, plaintiffs will be deprived of the fruits of their labor upon a technicality. The mistake and inadvertence is that of plaintiffs' attorneys, and relief under section 473 of the Code of Civil Procedure is one of the few remedies available to correct this inequitable situation.

In opposition to the motion, defendants filed an affidavit of Mr. Whelan, one of the attorneys for defendants. His affidavit stated, in substance: During Mr. Priest's argument, before the cause was submitted, he was reviewing a case

wherein there was language to the effect that the complaint (in that case) included an allegation "that the respondent was a duly licensed real estate broker." At that point Mr. Priest's voice "trailed off," and Mr. Kreps, who was in court as Mr. Priest's assistant, "started leafing" through the complaint (in the present case). Affiant (Mr. Whelan) remembers those facts because "throughout the trial affiant was wondering when Plaintiffs' attorneys would discover their omission with respect to the question of the brokers' licenses."

Mr. Whelan's affidavit stated further, upon information and belief: On the afternoon before argument was concluded, plaintiffs' attorneys discovered their mistake but were unwilling to raise it for the reason that representatives of their clients were in court.

Thereafter plaintiffs filed a supplemental affidavit of Mr. Priest, and affidavits of Mr. Kreps and Mr. Wall.

The supplemental affidavit of Mr. Priest stated: He did not discover the mistake of law until he received the motion for a new and different judgment. He was of the belief that a "lack of licensing or capacity to sue" was a matter of affirmative defense only, and he proceeded in the action upon that belief.

The affidavit of Mr. Kreps stated: It was his duty to do legal research in preparation for the filing of the complaint and in preparing for the trial of the action. Until receipt of defendants' motion for a new and different judgment he did not have knowledge that there was any requirement that plaintiffs plead and prove they were licensed as real estate brokers at the time the causes of action arose. His research in preparation of the pleadings and for the trial was extensive.

The affidavit of Mr. Wall stated in substance: He is one of the attorneys for plaintiffs and is generally familiar with the proceedings in the action. The conduct of the action on behalf of plaintiffs was actively handled by Mr. Priest and Mr. Kreps. At the time of filing the complaint he was aware of the requirement that real estate brokers be licensed, but he was not aware of the provisions of section 10136 of the Business and Professions Code. He did not become aware of such requirement until the filing of the motion to vacate the judgment. Until the filing of said motion, it was his belief that lack of licensing of a plaintiff in such an action was a matter of affirmative defense.

When plaintiffs' motion was granted on July 5, 1960, a minute order was made which directed that plaintiffs' attor-

neys prepare an order (to be submitted to the judge for signature). On July 12 an order was signed and filed. That order provided that: (1) the judgment entered on April 29 is vacated; (2) the amended complaint "is ordered filed"; (3) the trial is reopened for the purpose of allowing proof as to the issue of the licensing of plaintiffs at the time the causes of action arose; (4) the order of June 10 (vacating the judgment against defendants Francis C. Tomlinson and Donald E. Wood, as executor, and ordering a judgment in their favor) is vacated. The order also provided that, as a condition to granting the relief, the plaintiffs pay to defendants $300 as attorneys' fees, that said amount be deposited with the clerk, and that the clerk pay said amount to defendants' attorneys upon their request. On July 12 plaintiffs deposited said amount with the clerk.

As above stated, defendants appeal from the minute order of July 5 and from the signed order of July 12.

Appellants (defendants) contend that plaintiffs' affidavits in support of the motion are insufficient to support the order for the reason the affidavits do not show that the order of June 10 (vacating the judgment as to defendants Francis C. Tomlinson and Donald E. Wood, as executor, and ordering another judgment) "was taken" by reason of respondents' excusable inadvertence, mistake, surprise or neglect. Appellants assert that: "The true cause of said order of June 10, 1960, was counsel's failure to move for relief from the judgment of April 26, 1960 upon learning of their mistake on May 17, 1960. There is no attempted explanation in the affidavits why this relief was not sought earlier. Such an explanation if legally satisfactory, would have justified the order of the trial court." It therefore seems that appellants' contention (on appeal) as to insufficiency of plaintiffs' affidavits is that the affidavits do not explain why plaintiffs did not make the motion at an earlier date. As stated above, the judgment was entered on April 29, 1960. Plaintiffs' attorneys stated in their affidavits that they acquired knowledge of the mistake on May 17, when they received notice of motion to vacate the judgment. On May 24 plaintiffs filed a notice of intention to make a motion for a new or further trial on the issue of their right to maintain the action. On June 2 the two motions were heard. On June 10 the order granting the motion to vacate the judgment was filed. On June 22 plaintiffs filed the notice of motion for relief under section 473. It thus

appears that the notice of motion (under § 473) was filed 54 days after the judgment was entered, 36 days after counsel acquired knowledge of the mistake, and 12 days after the written order vacating the judgment was filed. Section 473 of the Code of Civil Procedure provides that application for relief thereunder ''must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken.'' On the hearing of the motion appellants' attorney stated: ''With respect to this order of June 10th, my argument was not based upon whether the motion [motion under § 473] was made seasonably, but that there is simply no statement anywhere in any of the affidavits to show that that order was taken through the mistake, inadvertence or surprise of counsel. . . .'' It thus appears that at the trial appellants did not contend that the motion under section 473 was not made within a reasonable time after plaintiffs' attorneys acquired knowledge of their mistake; but, as above shown, appellants' attorney specifically stated at the trial that his argument was *not* based on ''whether the motion was made seasonably.'' As above indicated, appellants state on appeal that the trial court would have been justified in granting the motion under section 473 if plaintiffs' affidavits had shown a sufficient reason for not making the motion at an earlier date. Appellants do not contend that they were prejudiced by any delay in making the motion, and it does not appear that they were so prejudiced. The court did not abuse its discretion in determining that the motion was made within a reasonable time.

Appellants contend that plaintiffs were precluded from obtaining relief under section 473 of the Code of Civil Procedure for the reason they consented to the minute order of June 2 and the signed order of June 10 (vacating the judgment). They refer to a statement plaintiffs' attorney made at the hearing on June 2, which was, in part: ''I am willing to offer now to have our motion for a new trial which we have filed here denied or stricken, whichever you wish to do, and to have Mr. Whelan's motion for a different judgment granted; and then we will move for a new trial on that different judgment.'' Appellants argue that by reason of such statement plaintiffs consented to the orders, and that such consent ''was limited only by their announced intention of moving for a new trial with respect to said new and different judgment.'' Appellant asserts that: ''Obviously, we would not contend that their consent barred them from mov-

ing for a new trial, although it seems clear that no such relief could have been granted.'' It seems to be appellants' argument that the statement of plaintiffs' attorney precluded plaintiffs from seeking any relief from the order vacating the judgment by any procedure other than a motion for a new trial, and that a motion for a new trial could not properly have been granted. ▇▇ Relief from a stipulation may be granted, in the discretion of the court, under circumstances where it would be unjust to enforce the stipulation. (See *Gonzales* v. *Pacific Greyhound Lines*, 34 Cal.2d 749 [214 P.2d 809].) ▇▇ In the present case, it appears that the matter of failing to allege and prove that plaintiffs were licensed was not called to the attention of plaintiffs' counsel or the court during the pretrial conference or the trial or any of the proceedings before entry of judgment. The joint pretrial statement consisted of 10 pages. On three of those pages there were ten contentions of appellants, including such contentions as—plaintiffs' causes of action are barred by the statute of limitations and the statute of frauds; and that plaintiffs' alleged services constituted illegal practice of law. The pretrial order included the following statements: ''No law and motion matters are pending, or likely,'' and ''The case is ready to be set for trial.''

Rule 8.2, subdivision (c), of the Superior Court Rules, provides: That each party appearing in any case ''shall prepare and submit to the pre-trial conference judge, at or before the conference, a joint written statement of the matters agreed upon and a joint or separate written statement of the factual and legal contentions to be made as to the issues remaining in dispute.''

Rule 8.6, subdivision (a), provides, in part: ''The pre-trial conference judge shall prepare and sign a pre-trial conference order. . . . This order shall contain: (1) a concise and descriptive statement of: . . . (iii) the factual and legal contentions made by each party as to the issues remaining in dispute; . . .''

Rule 8.7 provides, in part: ''(a) The clerk shall serve a copy of the pre-trial conference order by mail upon each attorney in the case. . . . (b) Within five (5) days after such service of the copy of the pre-trial conference order any attorney may serve upon all other attorneys in the case, and file with the clerk, a request for correction or modification of this order. . . . After the five-day period, or after disposition

of a request for correction or modification . . . the pre-trial order shall be filed in the case.''

Rule 8.8 provides: ''When filed, the pre-trial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice.''

In *Baird* v. *Hodson,* 161 Cal.App.2d 687 [327 P.2d 215], it was said, at page 689: ''A review of legal history reveals innumerable rules, regulations, laws and processes introduced into the law by which there is a more efficient and effective handling of cases. In each instance not only was it necessary, but progress in the law demanded it. Another of such progressive steps is now part of California law, which may be referred to as pretrial procedure. A review of the rules for pretrials clearly reveals the reasons behind them. Obviously, the rules were designed to relieve the members of the legal profession and the members of the judiciary from legal technicalities, trivia, details, unessentials, and to have the case tried at an early date upon the real and substantial issues in the case. This is a most laudable and meritorious purpose.''

In *Fitzsimmons* v. *Jones,* 179 Cal.App.2d 5 [3 Cal.Rptr. 373], defendant appealed from an order denying his motion, under section 473, to set aside a judgment on the pleadings in favor of plaintiff. In reversing the order, it was said, at page 8: ''The purpose of the pretrial procedure is to place the case in focus so that the defined and precise issues may be resolved as quickly as possible. The present litigation illustrates this process of pretrial formulation, and a ruling, here, subjugating that procedure to respondent's later maneuvers would be a negation of pretrial itself.'' It was said further therein, at page 9: ''Respondent now would have us retreat into the obscurity of appellants' inadequate answer, would nullify the pretrial interpretation and clarification of the answer and would substitute the original pleading for the pretrial order. Yet the Rules [Rules for the Superior Courts relating to pretrial conferences] and the decisions under them specifically forbid such nullification.''

In the present case appellants did not raise, by demurrer or answer, the issue as to the failure of plaintiffs to allege that they were licensed real estate brokers; nor did appellants raise that issue at the pretrial conference; nor did they request, at a later time, a modification of the pretrial conference order to include that issue. They did not raise the

issue at the trial or at any time prior to filing the motion to vacate the judgment. It appears, as above indicated, that appellants refrained from disclosing the defect in the complaint until after the trial and the entry of judgment.

In *Siemens* v. *Meconi*, 44 Cal.App.2d 641 [112 P.2d 904], plaintiffs appealed from a judgment for defendant on his cross-complaint to foreclose a mechanic's lien. The sole ground for appeal was that defendant failed to allege and prove that he was a duly licensed contractor during the performance of the contract. In the case it was said, at page 642: "The amount involved in the litigation is small, and, though the objection raised on the appeal is legally sound, the whole matter could have been cured in the trial court without the useless delay and expense which has been occasioned by the appeal." The judgment was reversed and the cause remanded to the trial court for the limited purpose of permitting defendant to allege, and attempt to prove, that he was a licensed contractor.

In the present action, the trial court could reasonably conclude that the consent of plaintiffs with respect to the granting of the motion to vacate the judgment, as to Mr. Tomlinson and Mr. Wood, was conditional; and that in the interest of justice and in maintaining the purposes of pretrial procedure, plaintiffs should not be precluded, under the circumstances here, from obtaining relief under section 473 of the Code of Civil Procedure. The trial court did not err in granting the motion, under said section 473, as to appellants Francis C. Tomlinson and Donald E. Wood, as executor.

Appellants Marguerite K. Tomlinson and Elsie Wood contend that the court erred in granting plaintiffs' motion, under section 473, as to them. They argue that the judgment in their favor was not based upon the failure of plaintiffs to allege and prove that respondents were licensed real estate brokers, and therefore an amendment to the complaint, curing that defect, and proof of such licensing would not "cure the plaintiffs' problems as to those defendants [Mrs. Tomlinson and Mrs. Wood]." The judgment in favor of appellants Mrs. Tomlinson and Mrs. Wood was based upon an order sustaining their objection to the introduction of evidence, as to them, upon the ground that the complaint did not state a cause of action against them. In *Fitzsimmons* v. *Jones, supra*, 179 Cal.App.2d 5 [3 Cal.Rptr. 373], it was said, at page 10: "Respondent's defense of the judgment upon the

ground that a motion for judgment on the pleadings may be 'made at the time the case is called for trial' does not meet the issue here. The question probes not whether the trial court may entertain the motion but whether the court may supersede the pretrial order, which defines the issues, and, nevertheless, hold that the pleadings fail to tender an issue. We conclude, for the reasons above stated, that the pretrial order must control; that it precludes the rendered judgment on the pleadings, premised, as it is, on a resurrected, defective answer. . . . Appellants made a case for relief under section 473. Upon the date set for trial, they could reasonably have expected to proceed to trial upon the basis of the issues described in the pretrial order. . . . In view of the liberal construction applied to section 473, it should afford relief from the ensuing judgment.'' In the present case, as above stated, the pretrial statement included ten contentions of appellants, but those contentions did not include a contention that the complaint did not state a cause of action as to Mrs. Tomlinson and Mrs. Wood. (It does not appear whether appellants contemplated at the time of the pretrial conference that they would contend that no cause of action was stated as to Mrs. Tomlinson and Mrs. Wood.) As above stated, the pretrial conference order also included the statements: "No law and motion matters are pending, or likely,'' and "The case is ready to be set for trial.'' As stated in the *Fitzsimmons* case, *supra*, with respect to the appellants therein, the plaintiffs in the present case "could reasonably have expected to proceed to trial upon the basis of the issues described in the pretrial order.'' The trial court herein did not err in granting the motion, under said section 473, as to appellants Marguerite K. Tomlinson and Elsie Wood.

The orders are affirmed.

Fourt, J., and Lillie, J., concurred.