[Civ. No. 7050.    Fourth Dist.    Apr. 18, 1963.]

WALTER D. RANSOM et al., Plaintiffs and Appellants, v. MARIAN S. RANSOM, Individually and as Administratrix, etc., Defendant and Respondent.

Robert E. Benton for Plaintiffs and Appellants.

Surr & Hellyer and John B. Surr for Defendant and Respondent.

GRIFFIN, P. J.—Deceased, Walter Ransom (Sr.), was the father or grandfather of various plaintiffs-appellants, namely, Walter D. Ransom (Jr.), Judith Miller, David Rich and Lee Hancock, by his first marriage. At the time of his death in 1947, Walter Ransom, Sr., had been married to defendant and

respondent Marian Smith Ransom since 1941. She was appointed administratrix of his estate. On July 21, 1950, an order was made setting aside to the widow the entire estate of Walter Ransom, deceased. In said order it was found that the whole estate, over and above liens and encumbrances of record, did not exceed the sum of $2,500 and specifically described, among other things, 2,500 shares of the corporation stock of Leibee Engineering Company, a corporation. Plaintiffs claimed that these shares were deceased's separate property and defendant claimed that they were community property.

It was agreed at the trial that the court, in the instant action, should take judicial notice of the probate proceeding in the estate matter. By this record, it is shown that special notice in writing of the petition for the order setting aside the estate to the widow was given by defendant to plaintiff Walter D. Ransom, Jr., and all other plaintiffs, and in case of plaintiff Lee Hancock, notice was given to her mother, who was then alive.

Plaintiffs now allege that prior to the death of deceased the Leibee stock was in fact of a value of $300,000 and that defendant fraudulently listed it in the estate as having no value. In their first cause of action, they seek to have a trust declared in certain property by reason of the fraud of defendant. In the second cause of action, plaintiffs allege damages in the sum of $300,000 by reason of the fraud and false representation. It is then alleged that in December 1957, when plaintiffs first discovered the order made setting aside the estate to the widow, the time for appeal therefrom had expired; that the delay in appealing was due to the deceit and falsehoods of defendant Marian Ransom, and accordingly this action in equity is brought to seek the relief prayed for in the complaint.

By answer, after denying generally the allegations of the complaint, defendant alleged the causes of action were barred by the statute of limitations, also by laches of plaintiffs, and alleges that the complaint did not sufficiently state a cause of action. In addition, it is alleged that it is barred by the provisions of the order setting aside the estate to defendant widow on July 21, 1950, and since September 21, 1950, said order has been final and is conclusive as to any determination of value of the estate, citing Probate Code, section 645.1, which provides:

"In the absence of fraud in the procurement, an order of

the superior court assigning an estate pursuant to the provisions of the preceding section, when it becomes final, is a conclusive determination of the jurisdiction of the court (except when based on the erroneous assumption of death), and cannot be collaterally attacked.''

The answer then alleges that since the order was made setting aside the estate to her, the property has advanced in value and the stock has increased more than 10 times its former value.

At a pretrial hearing, a statement of defendant contained, among other things bearing on the issues to be presented, that:

''Defendant will move the court for an order that, if the introduction of any evidence be permitted, there be first and separately tried and decided the issue whether defendant did any fraudulent act or made any misrepresentation which precluded or prevented plaintiffs or any of them or any predecessor in interest of any of them from opposing or contesting the application for said order; and that if it be determined that defendant did no such fraudulent act and made no such misrepresentation judgment be thereupon ordered for defendant.''

Based upon the joint statements, the court signed an order that the joint statement and pretrial statement of defendant be made a part of the order. Thereafter, counsel for the defendant filed a motion to first try the issue of extrinsic fraud and misrepresentation which could be tried in a short time, and, if decided in defendant's favor, the other issues would be moot. The court granted the motion over objections. Certain evidence was produced and the court found that the order setting aside the estate to the widow was made on July 21, 1950; that notice in writing was given to each of plaintiffs as indicated; that defendant made no false representations to plaintiffs or any of them, nor did any act or representation of defendant prevent or preclude plaintiffs from opposing or contesting an appeal from the probate order; that throughout the time the probate proceedings were pending, there was no relation of trust or confidence between plaintiffs and defendant and no extrinsic fraud on defendant's part was established. The decree was entered accordingly.

Plaintiffs first argue, in their five-page brief, consisting mostly of argument of counsel, that the court erred in refusing to be bound by the pretrial order stating the issues to be tried, and argue that the order of proof should have been re-

stricted accordingly. (Citing Cal. Rules of Court, rules 208 and 214 (Pretrial and Trial Rules*); *Fitzsimmons* v. *Jones,* 179 Cal.App.2d 5 [3 Cal.Rptr. 373].)

We see no merit to the contention. In this case, we are dealing not with pleadings but with the order of proof. The pretrial order provided for such an application and plaintiffs were so apprised. As a matter of precaution, in an attempt to subsequently amend the order by counsel for defendant to conform to the motion, the trial court denied it, with the statement that the first order: ". . . adequately covers the matters contained in your suggestion because your pre-trial statement is incorporated by reference in the pretrial conference order."

It was entirely appropriate for the trial court to control the order of proof. It reduced to about two hours a case which otherwise would probably have consumed at least a week's time of the court. (*Murphy* v. *Hartford Acc. & Indem. Co.,* 177 Cal.App.2d 539 [2 Cal.Rtpr. 325].)

Counsel for plaintiffs does not adequately refer in his brief to the evidence produced to justify a judgment for plaintiffs on the issue of extrinsic fraud. ▆ An appellate court cannot be expected to search the record or prosecute an independent inquiry for errors on which an appellant may be relying. (4 Cal.Jur.2d, § 480, p. 310.) ▆ However, an examination of the entire testimony produced shows that plaintiff Walter D. Ransom, Jr., was sworn and examined on behalf of plaintiffs and testified that his father was the sole stockholder of the Leibee Engineering Company; that he himself was employed by that company from time to time; that he did not know if his father owned real property at the time of his death; that he had a reasonable knowledge of the property held by the corporation; that he was an officer (president) of the corporation for a short period about July 1947, shortly after his father's death, but he claims defendant removed him as such; that he was under the impression that the company held certain real estate, but that it was heavily encumbered; that he did not discover that defendant claimed title to it until June 1955. The witness was withdrawn and defendant was called as plaintiffs' witness, under Code of Civil Procedure, section 2055. She testified that she signed the petition to set aside the entire estate to the widow. Counsel for plaintiffs propounded a question as to whether defendant received title to any real

---

*Formerly Rules for the Superior Courts, rules 8, 8.6.

property from the Leibee Engineering Company after the date of her husband's death and before the estate was closed. Objection was made on the ground that no proper foundation had been laid and that no showing was made that plaintiffs knew about it and that plaintiffs were restrained from coming into court and contesting the petition to set aside the estate by defendant and that no extrinsic fraud could be shown thereby in view of the final order fixing the valuation of the stock and the assets of the estate.

Counsel for plaintiffs replied that knowledge on the part of plaintiffs was not essential; that: ''This Fraud, if there was a Fraud, was directed against the Probate Court of this County.''

Counsel for defendant then stated that counsel for plaintiffs ''stated himself out of court'' because he said the fraud, if any, was directed against the probate court and that there was no showing of any misrepresentation on the part of defendant to any of the plaintiffs. It was pointed out by defendant's counsel that if the testimony was admitted, there was no showing that plaintiffs were deprived of their day in court by reason of any of defendant's actions; that the stock was appraised by the inheritance tax appraiser as of the date of death of decedent, i.e., July 4, 1947, and nothing had happened since that date which would constitute extrinsic fraud and particularly in reference to the value of the estate. Considerable argument ensued. *French* v. *Phelps,* 20 Cal.App. 101, 111 [128 P. 772], was cited, reading:

''Indeed, the decree is perfectly immune from attack by the parties whose interests were the subject of the adjudication therein and thereby made except upon some fraud or other sufficient matter collateral or extrinsic to the questions examined in the proceeding leading to the decree, and, therefore, even in a direct attack, if it could be shown that the testimony was altogether insufficient to support the decree, or that it was the result of forged documents or perjured testimony, all the parties interested having had their day in court in the proceeding in which the decree was made, it certainly could not be successfully challenged for any of these reasons.''

Plaintiffs now also rely upon *Caldwell* v. *Taylor,* 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194]; *Estate of Madsen,* 31 Cal.App.2d 240 [87 P.2d 903]; *Blair* v. *Mahon,* 104 Cal.App. 2d 44 [230 P.2d 832]; and *Ferguson* v. *Ferguson,* 58 Cal. App.2d 811 [137 P.2d 735].

The trial court sustained the objection to the question and

stated that even if it were true, the court failed to see how that would be extrinsic fraud, and further said that there was no showing that such claimed fraud kept plaintiffs from taking any action in the probate proceeding. Counsel for plaintiffs then said that in view of the court's ruling it was impossible for him to proceed further and no other witnesses were called by him and no further evidence was produced. No offer of proof was made as to what the witnesses would testify to, if produced.

■ It is a recognized rule that: "Ordinarily when the ruling of the court sustaining an objection indicates that counsel may not make further inquiry of a similar nature, he must then make an offer of proof. For example, if an objection is sustained to a question which on its face does not indicate its materiality, counsel asking the question must show the materiality of the question and the expected answer. If counsel fails to make the required offer of proof, he is precluded from urging the exclusionary ruling as error on appeal. (*Marshall* v. *Hancock, supra,* 80 Cal. 82 [22 P. 61].) ■ The requirement of the offer of proof serves two practical purposes. First, it permits the trial court to reconsider and correct an erroneous exclusionary ruling in the light of all the facts. Second, it permits the appellate court to determine if the ruling was erroneous and, if so, whether it was sufficiently prejudicial to justify a reversal of the judgment." (California Civil Procedure During Trial (Cont. Ed. Bar) (1960) § 13.26.) ■ One cannot say that any response to any question by plaintiffs' counsel, to which objection was sustained, would have helped plaintiffs' case, in the absence of any offer by plaintiffs to prove anything which would constitute extrinsic fraud.

Under the showing made, no reversible error appears. Judgment affirmed.

Coughlin, J., and Brown (G.), J., concurred.