[Civ. No. 26844. Second Dist., Div. Four. June 12, 1963.]

Estate of JOHN S. NIELSEN, Deceased. CHRISTA M. NIELSEN, Individually and as Administratrix, etc., Petitioner and Appellant, v. MARIE NEERGAARD et al., Objectors and Respondents.

148

M. E. Lewis, Jr., for Petitioner and Appellant.

Danielson & St. Clair and Walter G. Danielson for Objectors and Respondents.

KINGSLEY, J.— John S. Nielsen died intestate at Denver, Colorado, on September 13, 1960, leaving surviving him his widow (appellant herein), one brother and two sisters (who are the respondents on this appeal). The widow petitioned for letters of administration, alleging that, at the time of his death, decedent was a resident of Los Angeles County, California. On December 5, 1960, by an order reciting decedent's Los Angeles residence, letters were duly issued to her, and she qualified as such administratrix. No appeal or other attack was made upon this order by anyone, and it has long since become final.

On November 16, 1961, the administratrix filed her first and final account and petition for discharge of administratrix. She there alleged, for the first time and contrary to the allegations of her petition for letters of administration that, at the time of his death, the decedent was a resident of Colorado; there was no real property of the estate in California; all of the personal property listed in the inventory had been removed from California to Colorado, and was being administered in the State of Colorado; and sought discharge on the ground that there is no estate to be administered in California. The brother and sisters of decedent filed objections to the petition, claiming that, because the decedent was adjudicated to be a resident of California by the order appointing administratrix on December 5, 1960, his estate must be accounted for and distributed in this proceeding and under the laws of California.

 They also filed a petition for decree determining interests in the estate. After a hearing, the trial court sustained the objections, refused approval to the first and final

account, and entered a decree determining heirship in accordance with section 223 of the Probate Code—i.e., one-half to the widow and one-sixth each to the brother and sisters. The widow, both as administratrix and in her individual capacity, has appealed from both orders.

The primary issue involves the rights of the widow and the brother and sisters to share in the estate, since, if decedent can now be treated as having been a resident of Colorado at the time of his death, the laws of that state would give the entire estate to the widow. If this were all, the appeal by the administratrix in her representative capacity would be unauthorized and should be dismissed. (3 Witkin, California Procedure, p. 2183.) ■■ However the appeal also involves the settlement of the account of the administratrix and her discharge. From such an order, she may appeal in her capacity as administratrix.

It is admitted that the estate consisted solely of separate property and, if decedent is to be regarded as a resident of California, the distribution ordered by the court is correct. Appellant's sole contention is (a) that decedent was a resident of Colorado; and (b) that she may show that fact, in the present proceeding, in spite of her previous allegation and the order appointing her.

■■ We conclude that appellant cannot, in this probate proceeding, now deny the California residence of decedent; and, therefore, that the orders and decree of the trial court were correct.

Section 302 of the Probate Code provides: "In the absence of fraud in its procurement, an order of the superior court granting letters, when it becomes final, is a conclusive determination of the jurisdiction of the court (except when based upon the erroneous assumption of death), *and can not be collaterally attacked.*" (Italics added.)

Appellant in no way challenges this statutory provision, but claims that her first and final report for final discharge as administratrix is not a collateral attack on the findings in the order of December 5, 1960, but merely a correction of an "administrative" error. Furthermore, appellant contends that, if construed to be a collateral attack, a court of equity has jurisdiction to afford appropriate relief from judgments generally and from orders and decrees in probate proceedings upon a showing of proper circumstances.

In *Security-First National Bank* v. *Superior Court of Los Angeles* (1934) 1 Cal.2d 749 [37 P.2d 69], the court states,

at page 755: "... a subsequent application in the administration of the same estate to set aside a previous order entered in the course of probate jurisdiction after the same has become final is a collateral attack, and unless the order is void on its face, it may not on such attack be set aside. [Citations.]"

While a court of equity has power to afford appropriate relief from judgments generally and from orders and decrees in probate proceedings upon a showing of proper circumstances, (cf. *Ransom* v. *Ransom* (1963) 215 Cal.App.2d 258 [30 Cal.Rptr. 53]) the probate court as such has no general equity jurisdiction. Consequently, the probate court cannot, on collateral attack, void its own orders or decrees which have become final. (*Security-First National Bank* v. *Superior Court of Los Angeles* (1934) *supra,* 1 Cal.2d 749.)

The order and decree appealed from are affirmed.

Burke, P. J., and Jefferson, J., concurred.