[Civ. No. 24717.   Second Dist., Div. Two.   Nov. 16, 1960.]

FRANK PERRY, Appellant, v. THRIFTY DRUG COMPANY (a Corporation) et al., Respondents.

Flaum, Manasse & Dana and S. Ernest Beuchel for Appellant.

Crider, Tilson & Ruppe and Henry E. Kappler for Respondents.

HERNDON, J.—This is an appeal from a judgment entered in defendants' favor rendered by the trial court sitting without a jury. The plaintiff's action was for damages for personal injuries arising out of the use of a patent medicine which was manufactured by defendant Chemway Corporation and sold to the plaintiff by defendant Thrifty Drug Company.

The plaintiff, in his complaint, asserted four causes of action as follows: (1) breach of oral warranty by the drug company; (2) breach of implied warranty by the manufacturer; (3) breach of implied and expressed warranties by both defendants; and (4) negligence of both defendants. The plaintiff alleged that the defendants were given notice of the breach of warranty in causes of action (1), (2) and (4); but failed to allege the giving of such notice in his third cause of action.

By their answer, the defendants denied most of the material allegations of the complaint, including the allegations with respect to plaintiff's giving notice of the alleged breaches of warranty.

At the pretrial hearing, the court adopted by reference a pretrial conference statement which was prepared by plaintiff's counsel, but which was signed also by defendant's counsel. In this statement the issues were set forth as follows: "1. Negligence of the defendants, if any; 2. Contributory negligence of plaintiff, if any; (3) Nature and extent of injuries; 4. Nature and extent of warranties."

At the trial, plaintiff abandoned his cause of action on the theory of negligence and proceeded on the warranty theories. He offered no evidence to prove the giving of any notice of breach of warranty.

At the conclusion of the trial, the trial judge ordered judgment for defendants, holding that plaintiff had failed to allege or prove an indispensable element of his case, to wit, the giving of notice of breach as required by section 1769 of the Civil Code.

Plaintiff states the sole determinative question as follows:

"In an action for breach of warranty wherein the pleading and proof of notice of a breach of warranty is an indispensable element of the cause of action, may plaintiff be entitled to a verdict and judgment where he fails to prove said notice if this element of the cause is not set forth and put in issue by the pretrial conference? More simply stated, if the issue of notice is not set forth as an issue in the pretrial conference order, must plaintiff be put to proof of same?"

It is conceded by the plaintiff that in any breach of warranty action under the Sales Act (Civ. Code, §§ 1721, et seq.), he must plead and prove that proper notice of the breach of warranty was given by the buyer to the seller within a reasonable time after discovery thereof (Civ. Code, § 1769, *supra*; *Vogel* v. *Thrifty Drug Co.*, 43 Cal.2d 184, 188 [272 P.2d 1]). The plaintiff abandoned his negligence cause of action; how-

ever, he properly alleged notice in two of the three warranty causes of action. There is nothing in the record to indicate any abandonment of counts one and two, each of which contained the averment ". . . that as soon as plaintiff discovered the said breach, he immediately notified the defendants, and each of them, of the said breach."

As we have indicated, the present order, in its applicability to the warranty causes of action, indicated that the issues were the "[n]ature and extent of the injuries" and the "[n]ature and extent of warranties." Rule 8.6 of Rules Relating to Pretrial Conferences requires that the judge's pretrial order state "the factual and legal contentions made by each party as to the issues remaining in dispute."     It is evident that the issue of notice was thus eliminated from the case under rule 8.8, which provides: "When filed, the pre-trial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice. . . ." There was no request for correction or modification here.

In *Security Ins. Co.* v. *Snyder-Lynch Motors, Inc.*, 183 Cal.App.2d 574 [7 Cal.Rptr. 28], we held that a pretrial order which indicated that notice was required to be given by the "named insured" controlled over the policy which required that such notice be given by the "insured." The discussion there of *Dell'Orto* v. *Dell'Orto*, 166 Cal.App.2d 825 [334 P.2d 97], applies with equal force to the instant case. We indicated, at p. 578, that *Dell'Orto* "was a specific performance case in which no proof of plaintiff's ability and readiness to perform was made. At page 831 the court said: 'As hereinbefore set forth, rule 8.8 provides that the pretrial order controls where inconsistent with the pleadings unless modified at or before the trial, and in the instant case appellant made no request for a modification of the pretrial conference order. We, therefore, conclude that the issues of ability to perform and tender, not being raised at the pretrial conference, and not being listed in the pretrial conference order as issues remaining in dispute, were no longer issues in the case. To hold otherwise would, in our opinion, not be in conformity with either the letter or the spirit of the Rules Relating to Pretrial Conferences.' (See also 48 Cal.Jur.2d, § 33, p. 98.)" (*Baird* v. *Hodson*, 161 Cal.App.2d 687, 690 [327 P.2d 215]; *De Stackelberg* v. *Lamb Transportation Co.*, 168 Cal.App.2d 174, 180 [335 P.2d 522]; *Campbell* v. *Magana*, 184 Cal.App.

2d 751, 757-758 [8 Cal.Rptr. 32] ; *City of Los Angeles* v. *County of Mono,* 51 Cal.2d 843, 847 [337 P.2d 465].)
 Reversed.

 Fox, P. J., and Ashburn, J., concurred.