744

[Civ. No. 9903.   Third Dist.   Dec. 27, 1960.]

CASPER G. AMACKER et al., Respondents, v. EARLE F. PANKOST et al., Appellants.

Hughes, Maul & Fogerty for Appellants.

Charles W. Luther, Max H. Hoseit and Hoseit & Luther for Respondents.

VAN DYKE, P. J.—This is an appeal from a money judgment rendered by the court sitting without a jury in an action for breach of contract.

Appellants, sellers, and respondents, buyers, entered into a written contract for the sale and purchase of approximately 40 acres of unimproved land in the Lake Tahoe region of Nevada. The purchase price was $12,000 and the whole price has been paid and the property conveyed. The contract contained the following provisions: ''The parties of the first part [sellers] shall cause water to be supplied to the above described property in sufficient quantity to supply not more than one home per acre; the parties of the second part [buyers]

to supply pipe lines on property in accordance with Utilities Commission ruling." The controversy herein revolves around the quoted provisions. The complaint, pleading the contract by exhibit, alleged that the sellers had failed and refused to perform the contract on their part, "in that they have failed to cause water to be supplied to the property described in said contract." Damages for this breach were asked in the sum of $8,000. The answer denied generally that the breach had occurred. The pretrial order stated the case and the issues to be tried as follows:

"Action for damages for breach of contract to furnish water to real property.

"Plaintiffs contend that the defendants agreed to supply water to the real property sold to the plaintiffs by the defendants in sufficient quantity to supply not more than one home per acre; that the covenant in the sales contract to furnish water included the bringing of water to the plaintiffs' property line by the defendants and at defendants' expense.

"Defendants contend that the plaintiffs agreed to bear the cost of installing a water system necessary to bring water to the plaintiffs' property line; and that until the plaintiffs provide the funds or furnish security therefor, and designate a water reception point on the property line, the defendants are not obligated to perform on their part.

"The parties agree that the plaintiffs will have to pay the reasonable costs of the water actually furnished and the expense of distributing the water in the 40 acre tract purchased from the defendants."

The cause was tried and on January 13, 1958, the trial judge filed a memorandum opinion in which he proposed to resolve the issues stated in the pretrial order as follows:

"The agreement contains an ambiguous sentence which gives rise to this law suit. The sentence reads—

" 'The parties of the first part (defendants) shall cause water to be supplied to the above described property in sufficient quantity to supply not more than one home per acre.'

"Faced with this uncertain language, for which no member of the California bar is responsible, parol evidence was admitted, from which it appears that the defendants owned a spring, or water rights to a spring on adjoining land, and that defendants repeatedly promised to develop this spring, install a pump and tank and run the water to the highest point on the 40 acre tract, where it would be delivered to the plaintiffs.

"The defendants insist that the plaintiffs should bear the cost of bringing the water to the property line and until the plaintiffs put up the money to cover this cost, the defendants need not perform. In my opinion this position is not tenable. The evidence received at the trial and the contract itself, as construed in the light of the evidence, indicate clearly that this expense is to be borne by the defendants.

"Neither may the defendants take refuge in the absence of a public utility commission ruling on water rates to the lot buyers who may buy lots in the 40 acre tract. This is a problem to be worked out in the future. If the defendants had desired to withhold delivery of water until this matter had received commission approval, they should have said so in the contract. I believe there has been a breach of the contract for which damages are recoverable."

The court stated, however, that, since the proper measure of damages had not been fully briefed, the order of submission should be set aside for further argument as to damages. Such an order was entered. Not until June 18, 1959, did the court again convene in the matter and then not only argument but also further testimony regarding damages was received. In the meantime there had occurred substitutions of attorneys and the new attorneys for defendants, who represent them on appeal here, moved to reopen the case generally upon the ground that the defendants had a valid defense upon the merits which had not been tried. A supporting affidavit averred that defendants wanted opportunity "to prove that performance by defendants of those provisions of the Contract . . . relative to the defendants supplying water to the real property . . . was . . . conditioned upon the plaintiffs' concurrently supplying and installing . . . water distribution pipe lines for the purpose of . . . using and consuming water to be supplied by defendants, and that the plaintiffs have not . . . supplied or installed any water distribution pipe lines . . . and that the plaintiffs, therefore, have not performed those provisions of said Contract required to be performed by plaintiffs concurrently with performance by defendants." The affidavit further averred that the testimony which the defendants wanted to introduce "was not adduced at the trial of said cause, despite the fact that affiant [Pankost] continually during said trial requested and directed his former counsel, . . . to introduce such testimony." The motion to reopen generally was denied by the court, and the judgment appealed from was rendered.

In view of the record we have recited, including a considera-

tion of the long delay that intervened after the court had filed its memorandum for decision before an attempt was made to reopen for the purpose of introducing evidence upon an issue not specified in the pretrial conference order, we cannot say here that the trial court abused its discretion in denying the motion. Indeed, appellants do not argue that there was an abuse of discretion.

Notwithstanding the foregoing, appellants here state that the questions presented are (1) whether plaintiffs may recover damages in an action for breach of contract when they have wholly failed to perform their own obligations under the contract and have also failed to offer to perform their obligations thereunder, or demonstrate ability so to do; and (2) whether plaintiffs may have judgment for damages for breach of contract when the written contract relied upon by them contains ambiguous language as to the respective obligations and duties of the parties, where oral testimony was admitted to explain the ambiguous language but the trial court failed to make a finding as to the meaning of the ambiguous language without a waiver of such findings.

From what has been heretofore said it becomes apparent that so far as this first assignment of error is concerned we cannot consider the assignment because it deals with matters not tried out during the trial of the case, that is, the case was not tried upon the theory now advanced that the respective covenants were mutually dependent and to be concurrently performed; that respondents had not performed or offered to perform, and that there was therefore no breach.

The trial court made no express findings upon the issue of contract construction and appellants here contend that the failure to do so was reversible error. We do not agree. The court found that the contract had been entered into as alleged; that the plaintiffs had at all times done and performed all the conditions of the contract to be performed on their part; that defendants had failed and refused to perform the contract in that they had failed to cause water to be supplied to the property described in the contract pursuant to its terms, although demand had been made upon them to perform; that by reason of the breach of contract plaintiffs had been damaged in the sum of $6,000. No motion to amend was made, no request for further findings was made. The findings were responsive to the issues as stated in the pretrial order. Nothing more was required.

No further contentions of error are made.

The judgment, for the reasons hereinbefore given, is affirmed.

Peek, J., and Schottky, J., concurred.