[Civ. No. 25325.   Second Dist., Div. Four.   Dec. 21, 1961.]

CLYDE HAROLD SPENCE, Plaintiff and Appellant, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

A. J. O'Connor for Plaintiff and Appellant.

Parker, Stanbury, Reese & McGee and Daren T. Johnson for Defendants and Respondents.

BURKE, P. J.—Plaintiff brought an action in tort against the State of California, the California Highway Patrol, and M. Pat Martinez, wherein it was alleged that Martinez is a traffic officer of the highway patrol and that on August 30, 1958, Martinez negligently operated a state automobile resulting in a collision with and injury to plaintiff. The complaint alleged the filing of a claim against defendants as follows: "That pursuant to [§§ 801 and 802]† of the Government Code, and on the 14th and 17th days of October, 1958, plaintiff caused to be prepared and served upon said defendants, a Notice and Claim for Compensation for the damages herein complained of, a copy of which is referred to herein, attached hereto, and made a part hereof, and marked Exhibit 'A'; that more than 124 days have elapsed since the service of said notice of claim upon said defendants. That defendants have failed to notify plaintiff in writing whether said claim has been approved or rejected. That plaintiff has done and performed all things on his part to be done and performed in

† Formerly §§ 1981 and 1982.

the premises.'' A copy of the claim was attached to the complaint, which was filed on February 25, 1959.

On April 2, 1959, defendants filed their answer to the complaint, denying negligence on the part of defendants, alleging that Martinez was operating his vehicle in response to an emergency call at the time of the accident and alleging as an affirmative defense negligence on the part of plaintiff. Plaintiff's allegation of having filed a claim was admitted by failure to deny. (Code Civ. Proc., § 462.) Subsequently, defendants State of California and California Highway Patrol (hereinafter called ''respondents'') moved for summary judgment in their favor on the ground that plaintiff had failed to file an undertaking pursuant to Government Code section 647. Plaintiff admitted the failure, obtained an undertaking and moved for relief pursuant to Code of Civil Procedure section 473 on the ground that the prior failure to file an undertaking was due to his mistake, inadvertence, surprise or excusable neglect. On January 25, 1960, respondents' motion for summary judgment was denied and plaintiff's motion under Code of Civil Procedure section 473 was granted, plaintiff receiving permission to file the bond *nunc pro tunc* as of February 25, 1959.

On the 25th of March 1960 a pretrial conference was held wherein the issues were joined on the questions of negligence, contributory negligence, and damages, and on the additional issue whether the court had jurisdiction to proceed as to the respondents because of plaintiff's failure to file an undertaking at the time he filed the complaint.

No issue was raised concerning the failure of plaintiff to present a claim to the State Board of Control pursuant to Government Code section 643.[1]

When the case came on for trial respondents moved that the action as to them be dismissed on the ground that the court was without jurisdiction to proceed as against them. Besides urging the failure to file an undertaking at the time of the complaint, respondents also based their motion on the failure of plaintiff to comply with Government Code section

---

[1]*Government Code section 643* states: ''A claim arising under Sections 17000 to 17003, inclusive, of the Vehicle Code shall be presented to the board* within one year after the claim first arose or accrued. An action on such a claim shall be brought either within the time prescribed by the Code of Civil Procedure within which such an action may be brought or within six months after the claim is rejected or disallowed in whole or in part.''

*The State Board of Control. (Gov. Code, § 600.)

643. This had the effect of belatedly injecting an issue not theretofore presented either by the pleadings or pretrial contentions or in the pretrial order. Respondents introduced a stipulation made with plaintiff that the action was brought under Vehicle Code section 17001[2] and "that plaintiff has not prepared or presented a verified proof of claim to the State Board of Control in accordance with the provisions of [§ 643] of the California Government Code."

In opposing the motion plaintiff urged substantial compliance with the statute and asked leave to make an offer of proof with respect thereto. Plaintiff maintained that the injecting of a new issue did violence to the pretrial order which controlled and limited the future course of the litigation. The court granted the motion to dismiss with prejudice on the ground that it was without jurisdiction of the subject matter of the action as to respondents "by reason of plaintiff's failure to present a verified claim to the [Board]. . . ." This view was taken in *Bekins Van & Storage Co.* v. *State,* 135 Cal.App. 738, 742 [28 P.2d 61].

We believe the court erred in holding that plaintiff's failure to file his claim with the state board deprived the court of jurisdiction of the subject matter in view of the holding of the Supreme Court in *Redlands High School Dist.* v. *Superior Court,* 20 Cal.2d 348, 360 [125 P.2d 490]. In that case the Supreme Court noted that although ". . . liability on the part of [a] school district (that is, the waiver of sovereign immunity) is made dependent upon the filing of a claim . . ., we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction."

In 1 Witkin, California Procedure, Jurisdiction, section 50, page 322, there is the following pertinent comment: ". . . It would seem that this decision overrules the *Bekins* case by implication, for no relevant distinction can be drawn between a suit against the state (*Bekins*) and against a school district (*Redlands*).

"The *Redlands* case and similar decisions are correct insofar as they hold that failure to comply does not deprive

[2]*Vehicle Code section 17001* [formerly § 400] states: "Any public agency owning any motor vehicle is responsible to every person who sustains any damage by reason of death, or injury to person or property as the result of the negligent operation of the motor vehicle by an officer, agent, or employee or as the result of the negligent operation of any other motor vehicle by any officer, agent, or employee when acting within the scope of his office, agency, or employment. The injured person may sue the public agency in any court of competent jurisdiction in this State in the manner directed by law."

the court of subject matter jurisdiction, and that the defect may be waived and is not a ground for certiorari nor for collateral attack on a judgment.''

Respondents seek to restrict the *Redlands* holding to cases involving actions against school districts and municipalities; however, school districts are agencies of the state (*Hall* v. *City of Taft*, 47 Cal.2d 177, 181 [302 P.2d 574]), and consequently, as pointed out in 1 Witkin, California Procedure, *supra*, page 322, there can be no relevant distinction between a suit against a school district and the state. Furthermore, the doctrine enunciated in *Redlands* was reaffirmed in *Farrell* v. *County of Placer*, 23 Cal.2d 624, 630-631 [145 P.2d 570, 153 A.L.R. 323], wherein the claim was against a county, which is a political subdivision of the state. (Gov. Code, §§ 23000-23002; see 1 Witkin, California Procedure, pp. 314-315, 321-322, 388-389, 560, 569-573.)

█ The fact that the judgment was rendered upon an erroneous basis does not of itself require that the judgment be reversed if it may be sustained upon any other basis. (*International etc. Workers* v. *Landowitz*, 20 Cal.2d 418, 423 [126 P.2d 609]; *Davey* v. *Southern Pac. Co.*, 116 Cal. 325, 329 [48 P. 117].) █ The moving defendant urged, as an alternative basis for dismissal, plaintiff's failure to file an undertaking at the time he filed his complaint. However, such delay in filing is not fatal to plaintiff's cause of action since the court permitted a late filing. (*Bried* v. *Superior Court*, 11 Cal.2d 351, 355 [79 P.2d 1091]; *Carter* v. *Superior Court*, 176 Cal. 752, 756 [169 P. 667]; 1 Witkin, Cal. Procedure, p. 389.) The judgment, therefore, may be supported if at all, only because of plaintiff's purported failure to comply strictly with the claims statute.

█ Having determined that the failure of plaintiff to file his claim in strict compliance with the statute did not deprive the court of jurisdiction of the subject matter, we turn now to consideration of the force and effect of the pretrial order. The order contained, in part, the following recitation:

''This is an action for personal injuries and property damage arising out of a two-car automobile collision.

''The parties hereto have signed and filed a 'Joint Pre-Trial Statement,' which sets forth the nature of the case, the agreed facts, the contentions of the parties and the issues. Said joint pre-trial statement is attached hereto and made a part of this order. In addition to the issues set out in the

joint pre-trial statement the defendants contend that as to the defendant, the State of California, this court has no jurisdiction to proceed. The plaintiff contends that said question of jurisdiction is not an issue in this case.

"The defendants have filed a document entitled 'Defendants' Pre-Trial Statement,' which is attached hereto for the sole purpose of showing the contentions of the defendants.

"All necessary parties are before the court and issue is properly joined.

"There are no law and motion matters pending, or likely."

The joint pretrial conference statement which was made a part of the order sets forth the issues normally present in an automobile accident collision case and is not important to the point under consideration.

The defendants' pretrial statement, which, as indicated above, was also attached to the pretrial judge's order "for the sole purpose of showing the contentions of the defendants," contains the following statement with respect to the question of jurisdiction:

"Defendant State of California further and specifically contends that this court is without jurisdiction to adjudicate this claim against it by reason of the fact that plaintiff failed to file an undertaking at the time of the filing of his complaint, in accordance with and pursuant to the provisions of Section 16047 of the California Government Code."

It can be seen from this statement that the sole issue raised by defendants with respect to jurisdiction was based upon the alleged failure of plaintiff to file an undertaking at the time of the filing of his complaint. No mention whatever is made in (1) defendants' answer, (2) the pretrial conference order, (3) the joint pretrial conference statement, incorporated therein by reference, or (4) defendants' pretrial statement, also incorporated in the pretrial order by reference, that the claim presented by plaintiff, and admitted in the pleadings as having been served upon defendants The State of California, California Highway Patrol, and defendant Martinez, was in any way deficient. To wait until the time of trial and then to attempt to inject such an issue into the case is to perform the very type of action which the pretrial proceedings were designed to avoid.

The pretrial conference order controlled the subsequent course of the case in accordance with rule 8.8 of the Judicial Council Rules for the Superior Courts and plaintiff and the trial judge had the right to rely upon that posture of the

case. Particularly is this true because defendants did not request a modification of the pretrial conference order which they had a right to request under Judicial Council rule 8.7. (*City of Los Angeles* v. *County of Mono*, 51 Cal.2d 843, 847 [337 P.2d 465, 1 Cal. Disc. Proc. 164] ; *Fitzsimmons* v. *Jones*, 179 Cal.App.2d 5, 8 [3 Cal.Rptr. 373, 1 Cal. Disc. Proc. 164, 165] ; *Cal-Neva Lodge, Inc.* v. *Marx*, 178 Cal.App.2d 186, 187 [2 Cal.Rptr. 889, 1 Cal. Disc. Proc. 164] ; *Wiese* v. *Rainville*, 173 Cal.App.2d 496, 508-509 [343 P.2d 643, 1 Cal. Disc. Proc. 164] ; *Dell'Orto* v. *Dell'Orto*, 166 Cal.App.2d 825, 831 [334 P.2d 97, 1 Cal. Disc. Proc. 163] ; *Baird* v. *Hodson*, 161 Cal.App.2d 687, 690 [327 P.2d 215, 1 Cal. Disc. Proc. 161].)

██ In the *Fitzsimmons* case [*Fitzsimmons* v. *Jones*, *supra*, 179 Cal.App.2d 5, 8] the court pointedly stated, ''The purpose of the pretrial procedure is to place the case in focus so that the defined and precise issues may be resolved as quickly as possible. The present litigation illustrates this process of pretrial formulation, and a ruling, here, subjugating that procedure to respondent's later maneuvers would be a negation of pretrial itself.

''The pretrial order fixed the issues. . . .

''Respondent now would have us retreat into the obscurity of appellants' inadequate answer, would nullify the pretrial interpretation and clarification of the answer and would substitute the original pleading for the pretrial order. Yet the Rules and the decisions under them specifically forbid such nullification.'' (See also *County of Kings* v. *Scott*, 190 Cal. App.2d 218, 225 [11 Cal.Rptr. 893] ; *Amacker* v. *Pankost*, 187 Cal.App.2d 744, 747 [9 Cal.Rptr. 924] ; *Lund* v. *Utter-McKinley Mortuaries*, 186 Cal.App.2d 162, 169 [8 Cal.Rptr. 685] ; *Security Ins. Co.* v. *Snyder-Lynch Motors*, 183 Cal.App. 2d 574, 578 [7 Cal.Rptr. 28].)

██ The case of *Perry* v. *Thrifty Drug Co.*, 186 Cal.App. 2d 410, 411 [9 Cal.Rptr. 50, 2 Cal. Disc. Proc. 32] is of particular interest. The basic question presented there was stated to be, ''In an action for breach of warranty wherein the pleading and proof of notice of a breach of warranty is an indispensable element of the cause of action, may plaintiff be entitled to a verdict and judgment where he fails to prove said notice if this element of the case is not set forth and put in issue by the pretrial conference? More simply stated, if the issue of notice is not set forth as an issue in the pretrial conference order, must plaintiff be put to proof of same?''

Plaintiff Perry failed to allege in his complaint the giving of notice of the breach of warranty, an essential allegation to his third cause of action. In the pretrial order "Nature and extent of warranties" was stated as one of the issues. At the trial plaintiff offered no evidence to prove the giving of any notice of breach of warranty. The trial judge ordered judgment for defendants, holding that plaintiff had failed to allege or prove an indispensable element of his case, to wit, the giving of notice of breach as required by section 1769 of the Civil Code. In reversing the trial court, the District Court of Appeal declared that the pretrial order had eliminated the issue of notice and, where inconsistent with the pleadings, controls the subsequent course of the case, unless modified at or before trial to prevent manifest injustice.

In another action, *Mott* v. *Tomlinson*, 194 Cal.App.2d 886, 893 [15 Cal.Rptr. 541, 3 Cal. Disc. Proc. 12], judgment in favor of the plaintiff was vacated upon motion by the defendants upon the ground that plaintiffs failed to allege or prove that they were licensed real estate brokers at the time the causes of action arose. In its decision the appellate court stated, ". . . In the present case it appears that the matter of failing to allege and prove that plaintiffs were licensed was not called to the attention of plaintiffs' counsel or the court during the pretrial conference or the trial or any of the proceedings before entry of judgment. . . ." The controlling question, the court declared, was whether the trial court may supersede the pretrial order and decide the case upon a defect in the complaint not raised as an issue in the pretrial order.

In the case at bar the failure of the defendants to raise the issue of a defective claim or of a defective manner of service of such claim, by way of demurrer or answer, or to raise the issue at the pretrial conference or to raise it subsequently through a request for a modification of the pretrial conference order is fatal to this contention. The trial of the cause should proceed upon the issues delineated in the pretrial conference order.

The judgment is reversed.

Jefferson, J., and Balthis, J., concurred.

A petition for a rehearing was denied January 10, 1962, and respondents' petition for a hearing by the Supreme Court was denied February 14, 1962.