[Civ. No. 27986.    Second Dist., Div. Three.    Nov. 8, 1965.]

ELEUTERIO GONZALES, Plaintiff and Appellant, v. L. PATRICK BRENNAN, M. D., Defendant and Respondent.

Everett E. Demler and Lasher B. Gallagher for Plaintiff and Appellant.

Gilbert, Thompson & Kelly, William D. Jennett and Jean Wunderlich, for Defendant and Respondent.

KAUS, J.—Plaintiff appeals from a summary judgment in favor of defendant. The chronology of events leading up to the judgment is as follows:

*November 22, 1960.* Complaint for malpractice against defendant doctor was filed. The charging allegation was that defendant negligently treated and operated on plaintiff while the latter was a patient at the Los Angeles County General Hospital from November 22, 1959, until December 12, 1959, ''and during a period of management and control thereafter when plaintiff was treated as an out patient.'' The complaint contained no allegation concerning the filing or presentment of a claim.

*March 9, 1961.* Answer of defendant was filed denying negligence, and pleading contributory negligence.

*December 20, 1962.* Pretrial conference order is filed, reciting that a pretrial was held on December 11, 1962, before Judge Moroney, containing certain stipulations not relevant to this appeal, reciting further that no law and motion matters were pending or likely and that the issues were negligence, contributory negligence, proximate cause and damages. No mention is made of any contention with respect to the filing of a claim. The case was set for trial for April 22, 1963.

*April 22, 1963.* Department 1, the calendar department, assigned the matter to department 48, Judge Dockweiler. The minute order for department 48 for that day shows that at a conference in chambers defendant moved for a dismissal and for leave to amend his answer and that both motions were submitted. There is before us what appears to be a partial reporter's transcript of the proceedings of that day which shows defendant moved to modify the pretrial order under California Rules of Court, rule 216 ''to prevent manifest injustice.'' The basis for the motion was that at the time of the alleged malpractice defendant was an employee of the Los Angeles County Hospital and that there had been no compli-

ance with the then provisions of the Government Code requiring the presentment and filing of claims. In opposition to this motion plaintiff pointed out that the question of a claim had never before been raised, and argued—as he argues now—that the decision in *Spence* v. *State of California,* 198 Cal.App.2d 332 [18 Cal.Rptr. 302] prevented defendant from raising the issue at the time of trial. The argument proceeded, centering mainly on a proper interpretation of the *Spence* case. During the argument defendant broadened his request and also moved for leave to amend his answer and, if both the pretrial order and the answer were amended, to dismiss. After the argument the court excused counsel and the matter was submitted.

*April 23, 1963.* Judge Dockweiler caused a minute order to be entered reading in pertinent part as follows: "1. Defendant's motion to amend the answer to allege failure to comply with sections 800 and 803 of the Government Code is granted. 2. The Pre Trial Order, heretofore made, is modified to provide that no claim was ever filed by the plaintiff against the County or the defendant who was an employee of the County at the time the cause of action arose. . . . Matter of Summary Judgment is continued to May 7, 1963 at 10:00 A.M. . . ."

The reference to a summary judgment in this minute order is the first mention of such a procedure in the record before us.

*May 3, 1963.* Oral proceedings took place in chambers which were reported. It was stipulated that on the day of the alleged malpractice defendant was an employee of the County of Los Angeles, that Government Code, sections 800 and 801 required that a claim be presented to him, that no claim was presented within the time allowed by Government Code, section 800, [*sic*] that no claim "has been presented up to this time" and that defendant's answer may be deemed amended to show the failure to file a claim against him as an affirmative defense. In connection with the last stipulation plaintiff pointed out that such an amendment had already been ordered.

Thereafter defendant orally moved for a summary judgment or a judgment on the pleadings, in the alternative. Plaintiff moved that "for the purpose of this argument" the previous orders permitting an amendment to the answer and an amendment to the pretrial order be vacated. This motion was not specifically ruled on. He then argued that the *Spence* case in effect outlawed the entire procedure by which defendant sought to inject the claim issue into the case. The matter having been submitted, the court announced that the

net result of a summary judgment or a motion for judgment on the pleadings was the same, inquired of plaintiff's counsel whether he was in a position to allege that a claim was filed and received a negative answer. The motion was then granted.

*May 3, 1963.* An amendment to the answer of defendant was filed alleging that at the time of the alleged malpractice he had been an employee of the *City*[1] of Los Angeles and that no claim had been presented to him pursuant to Government Code, sections 800 and 801.[2] The record does not show whether this amendment to the answer was filed before or after the oral argument on defendant's motion. In view of the stipulation entered into this seems immaterial.

The judgment is attacked on a variety of grounds chiefly of course on the basis that *Spence* v. *State of California, supra,* prohibited the trial court, by any means whatsoever, from permitting defendant to inject the issue of the presentation of a claim on the day of trial, after there had been no mention of such an issue in any of the previous proceedings, including the pretrial. In particular, plaintiff argues that if the procedure employed in the instant case is permissible, then most of the language of *Spence* becomes idle talk, since after the reversal the defendant could simply have moved the trial court for an appropriate amendment to the pretrial order in spite of the concluding sentence of the opinion: "The trial of the cause should proceed upon the issues delineated in the pretrial conference order." (*Spence* v. *State of California, supra,* p. 339.)

We think *Spence* is distinguishable on several grounds: (1) The accident on which the *Spence* case was based occurred on August 30, 1958. Defendant's answer which did not set up the failure to file a claim under then Government Code, section 643, was filed April 2, 1959. Had there been any

---

[1] Plaintiff makes nothing of this obvious clerical error.

[2] It seems obvious that even on the trial date defendant's counsel was not too certain just which section of the then provisions of the Government Code required plaintiff to do what. He referred alternatively to section 800 (former Government Code, section 1980) which contains nothing but definitions; section 801 (formerly 1981) which is only one of two claims statutes with which plaintiff had to comply, the other one being section 803 (formerly section 2003). We assume that when he said section 800 he meant section 800 et seq. Plaintiff has not adverted to this confusion and it would hardly be worth his while in view of the stipulation, the breadth of the modification of the pretrial order and the answer. Happily the confusion rampant at the time has now been eliminated by the California Tort Claims Act of 1963. For the previous state of the law, see Arvo Van Alstyne, *Claims Against Public Employees: More Chaos in California Law,* 8 U.C.L.A. L.Rev. 497.

mention of the failure to file a claim in the answer, Spence still would have had several months within which to comply. It is thus a case where, inadvertently perhaps, defendant misled the plaintiff. In the present case it was agreed at the oral argument that when the complaint was filed the time to file a claim had irrevocably passed.

(2) The complaint in *Spence* had alleged and it was conceded that plaintiff had complied with sections 801 and 802 of the Government Code which were applicable to claims against employees of the state, but not to claims against the state itself.

(3) In *Spence* the defendant's motion was made when the case came on for trial without any preliminary attempt to amend the pretrial conference order, the pleadings, or both.

We believe these differences sufficiently distinguish *Spence* from the case at bench. While the concluding language of *Spence,* previously quoted, is certainly susceptible of the interpretation put on it by plaintiff, read in context it loses much of its force.

Earlier in the opinion the court had said: ''Particularly is this true because defendants did not request a modification of the pretrial conference order which they had a right to request under Judicial Council Rule 8.7.'' (*Id.,* p. 338.) The entire paragraph in which the sentence relied upon by plaintiff is found reads as follows: ''In the case at bar the failure of the defendant to raise the issue of a defective claim or of a defective manner of service of such claim, by way of demurrer or answer, or to raise the issue at the pretrial conference *or raise it subsequently through a request for a modification of the pretrial conference order* is fatal to this contention. The trial of the cause should proceed upon the issues delineated in the pretrial conference order.'' (*Id.,* p. 339; italics added.)

We do not believe that the opinion in *Spence* precluded the defendant there from making a motion to amend the pretrial conference order after the remittitur. The trial court would then have had to decide whether such an amendment was necessary to prevent manifest injustice. In making this decision the court could very properly have taken into consideration that, had Spence not been misled by the state's answer— if he was—he would have filed a claim.

We find nothing in *Spence* to justify the assertion in plaintiff's brief that the case holds that there had been an irrevocable waiver. It is therefore unnecessary for us to discuss

respondent's contention that defendant did not have the power to waive the defense of plaintiff's failure to file a claim.

Plaintiff also claims that the judge to whom the case was assigned for trial did not have the power to order the modification of the pretrial order, because the trial had not begun and rule 216 provides that a motion to modify before trial shall be heard by the pretrial conference judge or the presiding judge.

There is a good deal of law in this state, fairly technical in nature, concerning the precise moment when a trial begins. Thus section 581, subdivision 1, of the Code of Civil Procedure states that a trial shall be deemed to be actually commenced at the beginning of plaintiff's opening statement or, if there be none, at the time when the oath is administered to the first witness or evidence introduced. Similarly under section 583 of the Code of Civil Procedure there is much sophisticated case law on the question of just when a plaintiff has brought his case to trial. (See for example, *Martin* v. *Gibson,* 48 Cal.App.2d 449, 450-451 [119 P.2d 1012]; *Mussat* v. *Superior Court,* 16 Cal.App.2d 291, 292 [60 P.2d 323]; *Miller & Lux Inc.* v. *Superior Court,* 192 Cal. 333, 341-343 [219 P. 1006]; *Kosturos* v. *Municipal Court,* 51 Cal.App.2d 700, 701-702 [125 P.2d 572]; *Smith* v. *City of Los Angeles,* 84 Cal.App.2d 297, 301-302 [190 P.2d 943]; *Patapoff* v. *City of Los Angeles,* 171 Cal.App.2d 635, 644 [342 P.2d 428]; *Berri* v. *Superior Court,* 43 Cal.2d 856, 858-861 [279 P.2d 8]; *Katleman* v. *Katleman,* 175 Cal.App.2d 493, 496-497 [346 P.2d 218]; *Adams* v. *Superior Court,* 52 Cal.2d 867, 870-871 [345 P.2d 466]; and *Vecki* v. *Sorensen,* 171 Cal.App.2d 390, 393-395 [340 P.2d 1020].)

We can see no reason for applying technical rules concerning the time when a trial begins to rule 216. If it is otherwise proper to modify a pretrial order on the day of trial, nothing seems more natural than that such modification should be allowed by the judge to whom the case has been assigned for trial by the calendar department.

Finally, it is urged that, granting the basic power of the court and of Judge Dockweiler in particular to entertain the motion to modify the pretrial order, it was an abuse of discretion to do so, particularly in that defendant made no showing that it was necessary to prevent "manifest injustice."

The only case brought to our attention which attempts to define "manifest injustice" is *Feykert* v. *Hardy,* 213 Cal.App. 2d 67 [28 Cal.Rptr. 510], where it is held that the same prin-

ciples which govern judicial discretion in allowing amendments to pleadings apply with respect to amendments of pretrial orders. This point of view is endorsed by Van Alstyne and Grossman in their ''California Pretrial and Settlement Procedures'' (Cont. Ed. Bar) p. 335. Indeed any other interpretation would lead to complete chaos. The 1963 session of the Legislature added section 576 to the Code of Civil Procedure which permits amendments to any pleading or pretrial conference order, at any time before or after commencement of trial ''in the furtherance of justice.'' This section was probably added to the code because of some confusion in the cases concerning the effect of amendments to pleadings where the pretrial conference order is not amended. (Compare *Posz* v. *Burchell,* 209 Cal.App.2d 324, 334-335 [25 Cal.Rptr. 896] with *People* ex rel. *Dept. Public Works* v. *Valley Drive-In Theatre Corp.,* 206 Cal.App.2d 309, 314-316 [23 Cal.Rptr. 626].) Rule 216 has not changed and still speaks of ''manifest injustice.'' If there were a difference between allowing modifications or amendments ''in furtherance of justice''—which has always been the language of section 473 of the Code of Civil Procedure—and preventing ''manifest injustice,'' we might find situations where a court may allow a modification under section 576 of the Code of Civil Procedure, which must be disallowed under rule 216. ▮ While the motion to amend in the instant case was made before section 576 of the Code of Civil Procedure went into effect, we believe that this section was designed to clarify the law and to give statutory support to the rule of *Feykert* v. *Hardy, supra,* not to change it.

▮ Cases decided under section 473 which allow amendments pleading the statute of limitations on the day of or even after the commencement of trial are thus in point. One of the several cases to this effect is *Trower* v. *City & County of San Francisco,* 157 Cal. 762, 769 [109 P. 617] where the Supreme Court said: ''It is however, thoroughly settled that the granting or refusing of leave to amend an answer, where leave is required, is a matter committed to the sound discretion of the trial court. This is true of amendments for the purpose of setting up the statute of limitations, as well as other amendments.'' (See also *Wrightson* v. *Dougherty,* 5 Cal.2d 257, 266 [54 P.2d 13] ; *Schriber* v. *Alameda etc. Title Ins. Co.,* 156 Cal. App.2d 700, 708 [320 P.2d 82].)

▮ Plaintiff's prejudice, of which he complains, is nonexistent. To be sure without the amendment he might have won his lawsuit; with it, he was bound to lose, but as the cases

just cited demonstrate prejudice and detriment are not synonymous. His case was as dead as the dodo when he filed it. His only real complaint is that defendant's late awakening to that fact dashed his hopes for a potential resurrection.

No point is made by plaintiff concerning the use of a summary judgment to effect the dismissal of the action and this opinion should therefore not be construed as a blanket approval of oral motions for summary judgment at the time of trial. As plaintiff undoubtedly realizes any objection to the name given the proceedings below would be futile in the light of the stipulated facts, once the court's action allowing the amendments has been found to be proper. If we reversed on the basis that a summary judgment was not the right tool to use, a judgment on the pleadings after the remittitur would inevitably follow. *Fitzsimmons* v. *Jones,* 179 Cal.App.2d 5 [3 Cal.Rptr. 373] does not hold that pretrial has antiquated judgments on the pleadings. In that case, while the pleadings presented no triable issues of fact, the pretrial conference order did. ■ In the present case, after the amendments were allowed, both the answer and the pretrial conference order contained an affirmative defense which demanded a judgment for defendant, once it was stipulated that no claim had been filed.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 6, 1966.