[Civ. No. 29446. First Dist., Div. One. May 11, 1972.]

PERMALAB-METALAB EQUIPMENT CORPORATION,
Plaintiff and Respondent, v.
MARYLAND CASUALTY COMPANY, Defendant and Appellant.

## COUNSEL

Williams, Van Hoesen & Brigham and David Van Hoesen for Defendant and Appellant.

Cartwright, Saroyan, Martin & Sucherman and Jack L. Slobodin for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Maryland Casualty Company (Maryland), one of the defendants below, became surety on a "Private Contractor's Bond." Plaintiff Permalab-Metalab Equipment Corporation (Permalab), a subcontractor, commenced an action against the contractor and Maryland for money claimed due on the job against which Maryland's bond had been written. It recovered judgment against both defendants for $10,525 with interest. Maryland alone appeals from the judgment.

The basic facts are undisputed.

Maryland's bond was a recorded "statutory" construction contract bond issued under the provisions and authority of Code of Civil Procedure section 1185.1.[1] Section 1200.1, subdivision (d), of that code provided that if such a bond is recorded, *"no action may be maintained* thereon unless there shall previously have either been filed a mechanic's lien claim as in this chapter provided or *unless written notice shall previously have been given to the surety on said bond* before the expiration of the time prescribed in this chapter for filing a lien to enforce such claim, which notice shall state that the person giving such notice has performed labor or furnished materials, or both, or furnished appliances, teams, or power, to the contractor or other person acting by the authority of the owner, or that they have agreed to do so, stating in general terms the kind of labor, materials, appliances, teams, or power and the name of the person to or for whom the same was done or furnished, or both, and the amount in value, as near as may be, of that already done or furnished, or both, and of the whole agreed to be done or furnished, or both." (Italics added.)

---

[1] California's "Mechanics' Liens" statutes (Code Civ. Proc., §§ 1181-1203.1) were repealed effective January 1, 1971, and reenacted generally, to become effective January 1, 1971, as Civil Code sections 3082 through 3268. We are here concerned with the statutes as in effect prior to 1971.

Permalab neither filed a mechanic's lien claim nor gave the alternatively required "written notice" to Maryland. After the statutory time for such filing or giving of notice had expired Permalab commenced its action.

The complaint alleged the execution and recordation on Maryland's bond, default by the contractor in payment of $10,525 representing the reasonable value of labor and materials furnished the job by Permalab, "demand on defendants for payment of said balance," and nonpayment thereof. Judgment for $10,525 and interest was sought against both defendants. The complaint was silent as to the filing of a mechanic's lien claim or giving of notice to the surety.

Maryland's answer admitted execution of the bond, but alleged that Permalab had "not completed performance under the terms of the contract [and] failed to furnish labor and materials as required therein." It also was silent as to whether or not Permalab had complied with the statutory requirement of filing a mechanic's lien claim or giving of notice.

I. ■ Maryland's first contention on this appeal is that since the timely filing of a mechanic's lien claim or giving of notice to the surety was neither pleaded nor proved by Permalab, it had established no cause of action on the bond. It then argues, no cause of action having been established, the trial court was without jurisdiction to enter judgment on the bond.

Permalab's response on this point is that such noncompliance with the statute is an affirmative defense which must be raised by answer or otherwise, and that not having been so raised, the defense was *waived* by Maryland. It further insists that such statutory compliance was not a *jurisdictional* prerequisite to maintenance of its action.

From our consideration of the problem we have concluded that the mechanic's lien claim or notice requirement of Code of Civil Procedure section 1200.1, subdivision (d) was in the nature of a procedural condition to commencement of an action on substantive rights already in existence, and that the point must be resolved against Maryland. Supporting our conclusion is the following authority.

*Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490]. This case concerned a statutory provision authorizing an action against school trustees for " '. . . negligence of the district, or its officers or employees; provided, however, that a verified claim for damages shall have been presented in writing . . . within ninety (90) days after such

accident has occurred. . . .' " (P. 358.) Such a timely verified claim had not been filed, but a judgment was nevertheless awarded an injured schoolboy. The proceedings before the Supreme Court were in certiorari, and the issue was whether the trial court had "jurisdiction." It was urged by the school district "that the filing of a verified claim is a jurisdictional prerequisite under the statute, in the absence of which the superior court had no power to render a judgment for the plaintiff. . . ." (P. 350.) The high court disagreed. It stated (p. 360): "[T]he statute does not restrict the power of the court but·merely sets up a condition precedent to the establishment of the plaintiff's cause of action[;] *we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction.*" (Italics added.)

*Spence* v. *State of California,* 198 Cal.App.2d 332 [18 Cal.Rptr. 302]. Here the plaintiff in a tort action against the state had failed to present a claim to the State Board of Control "within one year after the claim first arose or accrued" as required by Government Code section 643 (since repealed). This failure was not raised as a defense in the pleadings or pretrial order. At the trial when it developed that the section 643 claim had not been filed, the state "moved that the action . . . be dismissed on the ground that the court was without jurisdiction to proceed. . . ." (P. 334.) The trial court agreed and dismissed the action. The appellate court, however, reversed, saying that the state's motion to dismiss "had the effect of belatedly injecting an issue not theretofore presented either by the pleadings or pretrial contentions or in the pretrial order." (P. 335.) Holding, in effect, that the statutory requirement of notice of claim *had been waived* by the state, the court asserted: "We believe the court erred in holding that plaintiff's failure to file his claim with the state board deprived the court of jurisdiction . . . ." (P. 335.) The judgment of dismissal was reversed, the court stating (p. 339):

"In the case at bar the failure of the defendants to raise the issue of a defective claim or of a defective manner of service of such claim, by way of demurrer or answer, or to raise the issue at the pretrial conference or to raise it subsequently through a request for a modification of the pretrial conference order is fatal to this contention. The trial of the cause should proceed upon the issues delineated in the pretrial conference order."

Discussing *Redlands* and *Spence* and other cases, Mr. Witkin states: "Statutes frequently prescribe procedural steps as conditions precedent to the right to commence action. . . . The failure to *allege* compliance with such a requirement is generally considered to be only a defective statement of the cause of action, and the failure to *comply* with the requirement does not go to the jurisdiction of the court." He then points out that notice

requirements, before commencing an action against private persons, are much more readily considered waived, since "these persons may waive the benefit." (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 71, pp. 595-596.)

We observe that in both *Redlands* and *Spence,* public entities were held to have waived otherwise absolute defenses by not timely raising them. Such waivers of public rights are ordinarily recognized with caution. (See *Kline* v. *San Francisco U. School Dist.,* 40 Cal.App.2d 174 [104 P.2d 661, 105 P.2d 362.) As stated by Mr. Witkin, courts will much more readily find waivers by private litigants, as here, of statutory rights, since "Anyone may waive the advantage of a law intended for his benefit. . . ." (Civ. Code, § 3513.)

From the foregoing authorities we conclude (1) that Maryland had waived its otherwise valid defense by failing timely to assert it, and (2) that the trial court had *jurisdiction* to enter judgment.

Lending some additional support to our conclusion is Code of Civil Procedure section 1200.1, subdivision (b), which provides in part: "All bonds given pursuant to the provisions of this chapter will be construed most strongly against the surety and in favor of all persons for whose benefit such a bond is given, . . ."

*Firemen's Ins. Co.* v. *Diskin,* 255 Cal.App.2d 502 [63 Cal.Rptr. 177], has lent no aid to Maryland. That case in no way relates to the waiver of a condition precedent to the maintenance of an action by failure to raise the defense. Nor do the cases of *Hunter* v. *County of Los Angeles,* 262 Cal.App.2d 820 [69 Cal.Rptr. 288], and *Gonzales* v. *Brennan,* 238 Cal. App.2d 69 [47 Cal.Rptr. 501], also relied upon by Maryland, support its contention. Those cases do no more than hold that the trial court *in its discretion* may relieve a defendant from its earlier failure to raise a defense of untimely notice of claim. This touches upon Maryland's second contention which we now proceed to discuss.

II. ▮▮▮ Maryland contends that the trial court abused its discretion in denying a motion to amend its answer.

Permalab's action was commenced March 16, 1967. Maryland's answer to the complaint was filed May 1, 1967. On or about December 9, 1969, the case was assigned the trial date of April 6, 1970, notice of which was given Maryland. On March 3, 1970, Permalab served interrogatories on Maryland, among which was the question, "What contentions of law are

you relying upon to support your defense and counter-claim in this action?" Maryland answered: "Breach of contract—delay."

On April 1, 1970, Maryland served and filed a notice of motion to amend its answer by setting forth as "a first affirmative defense" therein the lack of a lien claim or giving of notice to Maryland by Permalab as required by Code of Civil Procedure section 1200.1, subdivision (d). The only reason stated for the tardiness of the motion was, "Said motion will be made on the ground that facts material to the case were discovered after the original complaint herein was filed." The motion was set to be heard on April 6, 1970, the same date fixed for the trial of the action.

Maryland's motion was heard on April 7, 1970, the day to which the cause had been continued for trial. During the hearing, among other things, it was stated, and apparently conceded by counsel for the contractor and Maryland, that the "contractor went out of business last year." The court found Permalab to have been prejudiced by Maryland's delay of nearly three years in making its motion. The motion was denied.

Reviewing the showing made on Maryland's motion to amend, the trial court among other things had stated: "If this defense had been originally set up in the answer, certainly the plaintiff's attorney would have had to have consulted with their client and said, 'We will have to do two different things here. We will have to put up an attachment bond and attach the contractor, because we feel that the question on the bond's liability is questionable. Not completely out, but it's questionable. We can put them into bankruptcy and martial all the assets, put them into involuntary bankruptcy. We can attach—we can attach debtors of the construction company. We can attach assets of the construction company. We can attach payments made due to the construction company still from the Aerojet General Corporation.' Now, these defenses were not set up. So who is prejudiced by this? Who is prejudiced most by this, by this delay of some three years? . . . But I certainly don't think there's any excuse whatever, or any justification, for the permission of an amended complaint in this action, because there's too much happened, too much water under the bridge here, to try and put the plaintiff back in the position they were at the time they filed the action. It's impossible, getting back there. The action was filed in early '67, wasn't it? Yes. . . . March of 1967. So you have—that's three years ago since this action was filed. . . . The prejudice of injury is here the damage that would accrue to the plaintiff for a period of three years here, where he lost certain rights against the contractor that he would have had, or against the contractor's property, . . ."

It is true that courts will ordinarily exercise liberality in permitting amendments to pleadings, particularly amendments to answers. (*Gould* v. *Stafford,* 101 Cal. 32, 34 [35 P. 429].) But nevertheless, whether such an amendment shall be allowed rests in the sound discretion of the trial court. (*Trower* v. *City and County of San Francisco,* 157 Cal. 762, 769 [109 P. 617]; *Gonzales* v. *Brennan, supra,* 238 Cal.App.2d 69, 75; *Godinez* v. *Soares,* 216 Cal.App.2d 145, 151 [30 Cal.Rptr. 767].) And courts are much more critical of proposed amendments to answers when offered after long unexplained delay or on the eve of trial (*Moss Estate Co.* v. *Adler,* 41 Cal.2d 581, 586-587 [261 P.2d 732]; *Williams* v. *Youtz,* 178 Cal. 107, 109-110 [172 P. 383]), or where there is a lack of diligence, or there is prejudice to the other party (*Davies* v. *Symmes,* 49 Cal.App.2d 433, 444 [122 P.2d 102]. And see generally, 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § § 1040-1053, pp. 2618-2629).

Guided by these rules we conclude that the trial court's ruling on Maryland's motion to amend was not an abuse of its discretion, and was without error.

III. The trial court initially reserved its ruling on Maryland's motion to amend its answer, and then conditionally took evidence on the issue sought to be raised by the motion, i.e., whether a claim of lien had been filed or notice given. Maryland points out that the court found neither such claim of lien nor notice. But upon the denial of Maryland's motion that issue was excluded from consideration. The trial court's later finding on that issue was probably cautionary in contemplation of possible appellate reversal, and perhaps inadvertent; in any event it was irrelevant and unnecessary.

IV. Our previously announced determinations indicate a lack of merit to Maryland's contention: "Where the time within which statutory notice may be given has expired, the surety does not waive the lack of such notice by not raising the issue in its answer."

V. We are unpersuaded by Maryland's argument that the complaint's

recital that the bond had been "recorded" somehow rendered unnecessary the affirmative defense which the trial court found to have been waived.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.